R. L. HUNTER v. HUNTER AUTO COMPANY AND UNITED STATES CASUALTY COMPANY.

(Filed 14 June, 1933.)

**Master and Servant F a—Officer of company injured while performing duties of employee is an employee within meaning of Compensation Act.**

The secretary and treasurer of an automobile sales company was injured while traveling to collect accounts due the company. *Held,* the officer was performing the ordinary and usual duties of an employee of such a company at the time of the injury, and not duties pertaining

HUNTER *v.* AUTO CO.

exclusively to an executive function, and such officer was an employee of the company at the time of the injury within the intent and meaning of the Compensation Act.

CIVIL ACTION, before *Cowper, Special Judge,* at January Special Term, 1933, of MECKLENBURG.

The plaintiff was secretary and treasurer of the Hunter Auto Company, and also was a holder of $2,500 of the capital stock of the corporation. When the company was originally incorporated the stockholders were O. F. Hoke, R. B. Oswald and R. L. Hunter. Oswald was the bookkeeper and Hunter was not only secretary and treasurer, but was manager of the business. Hoke furnished the money, and neither Hunter nor Oswald had paid anything for the stock which had been issued to them. The evidence was that Hoke was "the directing head of the corporation," and that the plaintiff worked directly under him and received instructions from him. The plaintiff said: "I was salesman and collector in the stockroom and anything that was to be done around. We had a bookkeeper. He kept the books and everything that was to be done—anything in the world, why it was up to me and the other salesmen. I stayed out three-fourths of the time, . . . working on the outside, whether selling, collecting or any of that kind of stuff. . . . Mr. Hoke did all the firing and everything, changed bookkeeper one or two times. . . . I did whatever was necessary to be done about the place. . . . I received all my orders and directions in regard to the management of the company from Mr. Hoke." The evidence tended to show that on 5 February, 1932, the plaintiff had been out on a collecting trip for the company, and while driving between Blowing Rock and Lenoir plaintiff was injured. He said: "There was a dog that ran across the road and I just jerked the car and lost control of it—you know how those things happen . . . just lost control, . . . the car fell—the papers said it fell 900 feet. . . . It threw me out about half way down and I guess I stayed there for approximately three hours before I came to. The car belonged to the Hunter Auto Company." The evidence further showed that the plaintiff had sustained serious injuries.

The cause was heard by the Industrial Commission, and in an opinion by Commissioner Dorsett it was found that the plaintiff had "suffered an injury by accident arising out of and in the course of his employment, . . . and that at the time of the injury, by accident, the plaintiff was engaged in ordinary labor and was not engaged in work of an executive nature or character." Upon such finding there was an award of $18.00 a week. The defendant appealed to the full Commission, and the finding of fact and award made by Commissioner Dorsett were affirmed and approved. Thereupon the defendant appealed to the Superior Court, and the trial judge, after hearing the cause, decreed "that

the award heretofore signed by the North Carolina Industrial Commission be and the same is hereby in all respects affirmed both as to conclusions of law and findings of fact."

From the foregoing judgment the defendant appealed.

*Stancill & Davis for plaintiff.*
*Ralph V. Kidd for defendant.*

BROGDEN, J. Was the claimant an employee of the defendant within the contemplation of the Compensation Act, or was he exclusively an executive?

The boundary line between employee and executive in compensation cases was sketched, by implication at least, in the case of *Hodges v. Mortgage Co.,* 201 N. C., 701. The Court said: "The majority of the decided cases adhere to what may be called the dual capacity doctrine; that is to say, that executive officers of a corporation will not be denied compensation merely because they are executive officers if, as a matter of fact, at the time of the injury they are engaged in performing manual labor or the ordinary duties of a workman. Hence, one of the fundamental tests of the right to compensation is not the title of the injured person, but the nature and quality of the act he is performing at the time of the injury." Applying the test so approved to the facts, it is manifest that the claimant was not discharging an exclusively executive function at the time of the injury. The collection of accounts is well within the ordinary and usual duties of an employee of a motor company of the type described in the evidence in this cause. Indeed, the testimony tends to show that the plaintiff was not an executive at all for the reason that he was subject to the supervision and control of Mr. Hoke, who was apparently both the brain and tongue of the company in so far as the policies of the business were concerned.

There is ample evidence to support the findings of the Industrial Commission and the trial judge ruled correctly in upholding the award.

Affirmed.