W. H. ROWE v. THE ROWE-COWARD COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Carrier.

(Filed 18 September, 1935.)

1. **Master and Servant F a—Where employee does not obtain judgment on his counterclaim in action by third person, he may proceed under the act.**

Claimant filed proceedings for compensation before the Industrial Commission, and pending an award, filed a counterclaim in a suit at law instituted against him by a third person, which suit involved the same accident resulting in the injuries for which he sought compensation. Claimant recovered nothing on his counterclaim, but judgment was rendered in favor of the third person in the suit at law. *Held:* Claimant was not barred by filing the counterclaim from thereafter prosecuting his claim before the Industrial Commission, since claimant recovered no judgment on the counterclaim, and the intent of the statute, N. C. Code, 8081 (r), being that an injured employee should be compensated either by an award or by the "procurement of a judgment in an action at law," and the rights of the parties being determined by the act prior to its amendment by ch. 449, Public Laws of 1933, the accident having occurred prior to the effective date of the amendment.

2. **Same—**

The Compensation Act will be liberally construed to afford employees compensation for injuries sustained by them, and technicalities and refinements are not looked on with favor by the courts.

3. **Master and Servant F h—**

In this case *held:* There was sufficient competent evidence to sustain the Industrial Commission's finding that claimant was totally disabled for a period of forty-eight weeks.

4. **Master and Servant F i—**

The findings of fact by the Industrial Commission will be sustained on appeal when they are supported by any competent evidence.

**5. Master and Servant F a—Evidence held sufficient to support finding that claimant, at time of injury, was an employee and not an executive.**

The evidence tended to show that claimant, the secretary-treasurer of defendant employer, went to another city to inspect a job which defendant employer was completing, that claimant did manual labor on the job in installing radiators, and that claimant was injured in an automobile accident occurring while he was returning home from the job. The Industrial Commission affirmed the finding of the hearing Commissioner that claimant, at the time of his accidental injury, had not been off on a mission of a purely executive nature, but at the time was doing the work of an ordinary laborer or employee, and awarded compensation. *Held:* The evidence was sufficient to support the Commission's finding that claimant, at the time of the injury, was an employee, which finding is conclusive upon the courts upon appeal.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Devin, J.,* at February Term, 1935, of DURHAM. No error.

This was a claim under the Workmen's Compensation Act of North Carolina, in which the claimant sought to recover compensation for injuries which he alleges were sustained by him in the course of his employment.

The agreed facts are as follows: On 29 March, 1933, about 11 P. M., the claimant, while returning to his home in Durham from Lexington, North Carolina, where he had been on business for his company, received injuries when the car which he was driving collided with an automobile being driven by one C. H. Humphreys.

On 13 July, 1933, the claimant, through his counsel, Guthrie & Guthrie, filed claim for compensation, etc., and request for hearing with the North Carolina Industrial Commission; and pursuant to which a hearing was set by the Commission for 5 September, 1933, and all parties duly notified.

On 25 August, 1933, the claimant addressed a letter to the North Carolina Industrial Commission stating, among other things, the following: "I understand the hearing has been set for 5 September. For the present, I do not desire to press this claim, and therefore, withdraw it until further notice to you if I shall conclude later on to renew my claim before your Commission. I have a suit pending in Durham Superior Court against Mr. Humphreys which I shall press, and I do not desire, unless you are otherwise notified, to press my claim before the Commission."

C. H. Humphreys had brought suit against the claimant in the Superior Court of Durham County. On 22 May, 1933, the claimant filed answer to this suit, and set up a counterclaim for the sum of $15,000, which was $5,000 in excess of his insurance liability, for damages sus-

tained by him as the direct and proximate result of the alleged careless, reckless, and negligent acts of the said C. H. Humphreys causing the collision.

The case came on for hearing before the Superior Court of Durham County at the April Term, 1934. The claimant being represented by Fuller, Reade & Fuller, counsel for the Insurance Company, which carried liability on the claimant's car; and Guthrie & Guthrie, special counsel employed by the claimant himself. Upon issues properly submitted to the jury, an adverse judgment was entered against the claimant, allowing him nothing on his counterclaim and awarding damages in favor of Humphreys against the claimant in the sum of $1,625.

Thereafter, on 17 July, 1934, the claimant addressed a letter to the North Carolina Industrial Commission, referring to his previous correspondence and stating the following: "The suit in question has been tried in the Superior Court and I did not recover against Mr. Humphreys, and have received no compensation for my injuries by virtue of the suit, and I desire please to now proceed with the prosecution of my claim before the Commission."

Pursuant to his request, notices were sent out by the Commission to parties interested, to the effect that the case had been set for hearing in Durham on 4 September, 1934, on which date the case duly came on for hearing before Commissioner Dorsett. Commissioner Dorsett denied compensation and dismissed the case. The claimant appealed from the award of the Commissioner Dorsett, to the Full Commission, and, upon review, the Full Commission reversed and set aside the award of Commissioner Dorsett, and directed the payment of compensation. Whereupon the defendants appealed to the Superior Court of Durham County.

The case was duly heard upon the record before his Honor, W. A. Devin, who approved and confirmed the award of the Full Commission; thereupon, the defendants excepted, assigned error, and appealed to the Supreme Court.

*Guthrie & Guthrie and E. C. Bryson for plaintiff.*
*Thomas A. Banks for defendants.*

CLARKSON, J. The *first* question presented: "Did the filing of a counterclaim in an action at law brought by a third party against the employee bar the employee from later proceeding under the Workmen's Compensation Act when the judgment on counterclaim was unfavorable to the employee?" We think not, under the facts and circumstances of this case.

N. C. Code 1931 (Michie), sec. 8081 (r), (Public Laws 1929, ch. 120, sec. 11) in part is as follows: "The rights and remedies herein granted

to an employee where he and his employer have accepted the provisions of this chapter, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employees, his personal representative, parents, dependents, or next of kin, as against employer at common law, or otherwise, on account of such injury, loss of service, or death: *Provided, however,* that when such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death, from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this chapter, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy," etc.

It was admitted by defendants that "the defendant employer had five or more employees, and that the U. S. F. & G. Company was the insurance carrier, and admitted that the plaintiff suffered an injury by accident on 29 March, 1933."

It will be noted that the plaintiff filed his claim for compensation with the N. C. Industrial Commission. A suit was instituted by C. H. Humphreys against plaintiff, growing out of the automobile collision, claiming damage, and the plaintiff in this action sets up a counterclaim for damage. Humphreys recovered a judgment of $1,625 against plaintiff, and plaintiff was allowed nothing on his counterclaim. Thereafter, plaintiff pursued his remedy before the Industrial Commission.

"It is generally conceded by all courts that the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery." *Chambers v. Oil Co.,* 199 N. C., 28 (33); *Michaux v. Bottling Co.,* 205 N. C., 786 (788).

In the *Humphrey case,* being an action at law, fault would bar a recovery, as it no doubt did, as the plaintiff recovered nothing in that case.

The act to be construed says, "but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy." Plaintiff did not procure a judgment in the *Humphreys case*—an action at law.

The section in controversy has been heretofore considered by this Court. In *Brown v. R. R.,* 202 N. C., 256 (264), is the following: "It is further provided in sec. 11 of ch. 120, Public Laws 1929 (N. C. Code, 1931, sec. 8081 [r]), that when 'such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death, from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this chapter, and prosecute the

same to its final determination; but either the acceptance of the award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy.' This provision manifestly precludes an employee who has been awarded and paid compensation by his employer for an injury under the provisions of the North Carolina Workmen's Compensation Act, from prosecuting an action against a third person for damages for the same injury; and also precludes an employee who has recovered damages for his injury from a third person, from claiming compensation from his employer under the act."

In *Phifer v. Berry,* 202 N. C., 388 (392), we find: "The first provision restricts the employee, his personal representative, or other person, to recovery by one of the alternate remedies. If he has a right to recover damages from any person other than the employer, he may institute an action at law before an award is made, and may prosecute his suit to its final determination; but if he procures a judgment in the action at law, he is barred of his remedy for an award under the Workmen's Compensation Law, and if he accepts an award, he is barred of his remedy in the action at law. He may recover by one of the alternate remedies, but not by both. Though he may proceed concurrently against the employer and a third person, he cannot recover both compensation under the act, and damages in an action at law. Honnold on Workmen's Compensation, 154, sec. 41; *Horsman v. Richmond, F. & P. R. Co.,* 157 S. E. (Va.), 158. But, as pointed out by *Connor, J.,* in *Brown v. R. R., ante,* 256, 264, this does not affect the right of the employer or of the insurance carrier who has paid the award, to maintain an action against a third party who has wrongfully caused the injury for which compensation was given."

We think the statute clearly indicates that the injured employee should be compensated either by an award under the provisions of the act, *"or the procurement of a judgment in an action at law."* The acts of this nature are usually liberally construed so that injured employees are compensated, and technicalities and refinements are not looked on with favor by the courts. The accident involved occurred on 29 March, 1933. The amendment to sec. 11, as originally written, was ratified on 12 May, 1933 (Public Laws N. C., 1933, ch. 449). It is conceded by all parties that the rights are to be determined under the section existing prior to the amendment of 1933.

The *second* question presented: "Is there competent evidence that the plaintiff was totally disabled for a period of forty-eight (48) weeks?" We think so.

The plaintiff testified: "I lost in time, 48 weeks, or 11 months." Dr. L. S. Booker testified: "I would say it was about 12 weeks before he

could resume the type of work which he has testified that he did.   For the balance of the 12 months, I would say that he was partially disabled."

The Full Commission found: "According to the uncontradicted testimony of the claimant as to it, he was wholly and totally incapacitated during a period of 48 weeks, and the Full Commission so finds.   The claimant received a broken nose, a broken jaw, a broken arm, two scalp wounds requiring six stitches, the loss of four teeth, and several cuts and bruises.   As. a result of these injuries, he incurred extensive hospital and medical bills."

It is settled in this jurisdiction that where there is any competent evidence to support findings of Industrial Commission, such findings will be sustained though reviewing court may disagree with them.   *Smith v. Hauser & Co.,* 206 N. C., 562 (563).

In *Morgan v. Cloth Mills,* 207 N. C., 317 (322), we find: "It is settled by a wealth of authorities that the Industrial Commission's findings of fact on competent evidence are conclusive."

The *third* question presented: "Was the plaintiff an employee of the Rowe-Coward Construction Company within the meaning of the Compensation Act, rather than an executive officer at the time of the injury?" We think there was sufficient competent evidence for the Commission to find that plaintiff was an employee.

The plaintiff testified, in part: "I was superintendent and secretary-treasurer of the Rowe-Coward Company.   On 29 March, 1933,  . . . I was secretary-treasurer of the corporation, and also general superintendent of construction.   I looked after plumbing and heating myself; that is in addition to my duties as officer of the company.   I classified myself as an employee of the company—I was both an officer and an employee; fixed salary.  . . .   On the day I was injured, I had gone to Lexington for the purpose of closing out the proposition there and making final settlement.   I got final payment that day.   I had been there several times during the job, before the day I was injured.   At the starting of the contract, I was actually on the job about two weeks, until they got the work well under way; then I left and went back at intermittent times, once or twice a week.   I have been in this business since 1904.   In the way of work, I have done everything from apprenticeship up.  . . .   The day I was injured, I had gone to Lexington for final inspection and final settlement.   We were there from 2:30 to 7:30.  . . .   It was both an inspection tour and a labor job.   I helped carry in two radiators that day; helped carry them in and connect them. I performed manual labor in connecting the radiators."

From the evidence in this case, Commissioner Dorsett found that the claimant, at the time of his accidental injury, had not been off on a

mission of a purely executive nature, but at the time was doing the work of an ordinary laborer or employee. This finding of fact was sustained and approved by the Full Commission.

In *Hunter v. Auto Co.*, 204 N. C., 723 (725), it is said: "The boundary line between employee and executive in compensation cases was sketched, by implication at least, in the case of *Hodges v. Mortgage Co.*, 201 N. C., 701. The Court said: 'The majority of the decided cases adhere to what may be called the dual capacity doctrine; that is to say, that executive officers of a corporation will not be denied compensation merely because they are executive officers if, as a matter of fact, at the time of the injury they are engaged in performing manual labor or the ordinary duties of a workman. Hence, one of the fundamental tests of the right to compensation is not the title of the injured person, but the nature and quality of the act he is performing at the time of the injury.'"

We think the evidence sufficient for the Industrial Commission to base the finding of fact that the plaintiff was an employee. "The findings of fact of a member of the Industrial Commission in a hearing before him under the Workmen's Compensation Act, approved by the Full Commission upon appeal, is conclusive upon the courts when supported by any sufficient evidence." *Southern v. Cotton Mills*, 200 N. C., at p. 165; *West v. East Coast Fertilizer Co.*, 201 N. C., 556 (558); *Morgan v. Cloth Mills, supra; Holmes v. Brown*, 207 N. C., 785 (786).

For the reasons given, the judgment of the court below is

Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.