MRS. EVELYN S. PEARSON, WIDOW, AND HOWARD PEARSON, SON OF NEWTON H. PEARSON (EMPLOYEE), DECEASED, v. NEWT PEARSON, INC. (EMPLOYER), AND TRAVELERS INSURANCE COMPANY (CARRIER.)

(Filed 30 September, 1942.)

**1. Master and Servant § 37—**

 Ordinarily, the parties may not by agreement or conduct extend the provisions of the Workmen's Compensation Act; but continued and definite recognition of the relationship of employer and employee, based on knowledge of the work performed, and acceptance of benefits of that status, may work an estoppel after loss.

**2. Master and Servant § 39a—**

 Where it appears that defendants, employer and carrier, with full knowledge that deceased was president and general manager of employer corporation, by·their treatment of decedent's relationship to the corporation as that of employee rather than executive, and acceptance of the benefits of that status, have recognized his dual capacity and classification as an employee, they cannot, after loss sustained, assert the contrary, and an award by the Industrial Commission, based on sufficient evidence, is affirmed.

APPEAL by defendants from *Phillips, J.,* at May Term, 1942, of BUNCOMBE. Affirmed.

This was a proceeding under the Workmen's Compensation Act to secure compensation for the death of Newton H. Pearson. The Industrial Commission found that the death of the decedent was due to an injury by accident arising out of and in the course of his employment by Newt Pearson, Inc., and awarded compensation to his dependent. Upon appeal to the Superior Court the findings, conclusions and award of the Industrial Commission were affirmed, and the defendants appealed to this Court.

*Chas. G. Lee, Jr., for plaintiffs.*
*Williams & Cocke for defendants.*

DEVIN, J. The appeal raises the question whether under the findings of fact by the Industrial Commission the judgment affirming the award of compensation to the claimant under the Workmen's Compensation Act can be upheld.

The Industrial Commission found that the decedent was president and general manager of Newt Pearson, Incorporated; that he owned 58 of the 60 shares of the capital stock of the corporation; that the business of the corporation was the sale of automobiles as dealer agent of the

Chrysler Motor Co. and the operation of a garage; that when new cars were not obtainable, the corporation engaged in buying and selling used cars; that the decedent supervised the operation and business of the corporation, visiting the repair shop, and assisting in buying and selling cars, sometimes driving them in from distant points, and also engaged in collecting old accounts; that on 18 September, 1941, he left Asheville to visit Canton and Brevard for the purpose of collecting accounts; that on the road between Canton and Brevard the automobile in which he was riding was wrecked and he suffered an injury resulting in his death. It was found by the Industrial Commission that he sustained an injury by accident arising out of and in the course of his employment by Newt Pearson, Inc., while he was engaged in collecting for the corporation. There was evidence to support these findings.

It was further found by the Industrial Commission that the salary of the deceased was used in computing the total pay roll of the corporation for the purpose of determining the amount of the compensation insurance premiums due the defendant Insurance Company which were based on wages and pay roll; that the Insurance Company accepted the premiums based on the pay roll which included the salary of decedent, and that this had been the practice for several years. It was also found that no tender of refund of the premiums based on decedent's salary had been made prior to his death. These findings were supported by the evidence. The agent of defendant Insurance Company testified that the premiums were based on the aggregate wages and salaries of all the employees of Newt Pearson, Inc., including that of the decedent, and that he gave instructions that in getting up the totals the salary of decedent should be included; that in making up the figures, in co-operation with the deceased and the secretary-treasurer of the corporation, the salary of the decedent was included in the classification of employee. Defendant Insurance Company's agent countersigned the policy, delivered it to the corporation, received the premiums and forwarded same to the company. It also appeared that defendant Insurance Company from time to time audited the pay roll records of the corporation.

The defendants challenged the validity of the judgment affirming an award in this case on the ground that Newton H. Pearson was not an employee within the meaning of the Workmen's Compensation Act. It was contended with much force that since he was president and general manager, and owner of all the stock of the corporation except two qualifying shares, he was for all practical purposes sole owner, was an executive, not a workman, and could not be his own employer. They cite in support of this view *Gassaway v. Gassaway & Owen, Inc.*, 220 N. C., 694, 18 S. E. (2d), 120; *Hodges v. Mortgage Co.*, 201 N. C., 701, 161 S. E., 220, and numerous decisions from other jurisdictions.

On the other hand it was contended that the principal duties in which the decedent was engaged were those of a salesman and collector of accounts, and that he was injured while so engaged; that the doctrine of dual capacity recognized by the courts should be applied to the facts found, and the judgment upheld on that ground. *Hunter v. Auto Co.,* 204 N. C., 723, 169 S. E., 648; *Jones v. Trust Co.,* 206 N. C., 214, 173 S. E., 595; *Nissen v. Winston-Salem,* 206 N. C., 888, 175 S. E., 310; *Rowe v. Rowe-Coward Co.,* 208 N. C., 484, 181 S. E., 254; 12 A. L. R., 1285; 25 A. L. R., 373.

However, we deem it unnecessary to decide the precise point chiefly debated, whether or not, under the facts of this case, the president and general manager of a small corporation, who also works as salesman and collector of accounts, can be classified as an employee, since it appears that the defendants, by their treatment of the decedent's relationship to the corporation as that of employee rather than executive, and the acceptance of the benefits of that status, have recognized his dual capacity and classification as employee to such an extent that they should not now be permitted to assert the contrary after loss has been sustained. The record shows that the defendant Insurance Company's agent gave instruction that decedent be so classified, and that his salary be included in the totals of the wages of the corporation's employees, and that this was done after consultation between the agent of the Insurance Company and the secretary-treasurer of the corporation. The premiums thereon were collected accordingly and received by the Insurance Company over a period of several years. The Insurance Company was chargeable with notice that the computation of premiums was based on pay rolls which included decedent's salary, since this was done in accord with its agent's instructions (*Horton v. Ins. Co.,* 122 N. C., 498, 29 S. E., 944), and the corporation's records of classifications and wages were frequently inspected by its auditors. Thus the Insurance Company had knowledge that it was being paid for carrying the risk of accidental injury to decedent arising out of and in the course of his indicated employment in work other than that of an executive.

In *Southern Surety Co. v. Childers,* 87 Okl., 261, where upon facts similar to those in the case at bar the award of compensation for injury to the president of a corporation was upheld, it was said: "Furthermore, the premium paid was based upon the pay roll which included the remuneration of the claimant not to exceed $1,500 per annum. The Southern Surety Company treated the claimant as an employee for the purpose of collecting the premium, and cannot now, when called upon to pay the loss, be heard to deny that he was an employee." While ordinarily the parties may not by agreement or conduct extend the provisions of the Workmen's Compensation Act, in this case the defendants' continued and

definite recognition of the relationship of the president to the corporation as that of an employee, based upon knowledge of the class of work he performed, and the acceptance of the benefits of that classification, may well be regarded as having the effect of preventing them from changing their position after loss has been sustained.

In view of the facts found by the Industrial Commission, supported by competent evidence, we conclude that the ruling of the court below in affirming the award was correct, and that the judgment must be

Affirmed.