PHILIP M. GARRETT, PLAINTIFF v. GARRETT & GARRETT FARMS, EMPLOYER NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. 7810IC169

(Filed 19 December 1978)

Master and Servant § 81— workmen's compensation—farmer in partnership—farmer as "employee"—estoppel

The Industrial Commission erred in determining that plaintiff, who operated a farming partnership with his son, was not an employee and that the Commission therefore did not have jurisdiction over his workmen's compensation claim, since the insurer treated plaintiff as an employee and collected a premium based on his salary.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 5 December 1977 in Docket G-4283. Heard in the Court of Appeals 29 November 1978.

This is an appeal by Philip M. Garrett from an order of the Industrial Commission dismissing plaintiff's claim for lack of jurisdiction.

Plaintiff's evidence tends to show that plaintiff and his son were working partners in a farming operation. They had three other persons regularly employed on the farm. Donald W. Clark is an agent for North Carolina Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau). As such agent, he negotiated a policy of workmen's compensation insurance for plaintiff. He questioned whether plaintiff or his son would be covered. He inquired of the Farm Bureau underwriting office as to this, and Mr. Buchanan of that office told him Garrett and his son would be covered as long as the premium was paid based upon the amount of income they earned. The application was thereupon filed and the policy issued. The salaries of plaintiff and his son were included in the total payroll upon which the premium was based. Clark knew that plaintiff and his son operated as a partnership and this was the reason for the inquiry to the underwriting department of Farm Bureau. The premium was paid with a partnership check. The premium was subject to change, depending upon a later audit to determine the actual amounts received by plaintiff and his son. On 7 October 1975 plaintiff was injured in an accident arising out of the farming operation. Plaintiff duly filed claim under the policy issued by Farm Bureau, which was denied, and instituted this proceeding.

At the conclusion of plaintiff's evidence, Deputy Commissioner Roney entered an order finding facts and concluding as a matter of law that the plaintiff was not an employee and that the law of estoppel did not apply to give the Commission jurisdiction. The full Commission adopted this order.

Plaintiff appealed.

*LeRoy, Wells, Shaw, Hornthal, Riley & Shearin, by Roy A. Archbell, Jr. and Norman W. Shearin, Jr., for plaintiff appellant.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff assigns as error the dismissal of the claim for lack of jurisdiction. At the outset, we note that Farm Bureau does not

contest that plaintiff was injured by an accident arising out of and in the course of employment. The Commission so found in its finding of fact 7, and Farm Bureau did not except or object. Likewise we note that plaintiff's work was farming, ordinarily exempt from the requirements of the Workmen's Compensation Act. "[A]n employer of . . . farm laborers . . . who has purchased workmen's compensation insurance to cover his compensation liability shall be conclusively presumed . . . to have accepted the provisions of this Article . . . and his employees shall be so bound . . .." N. C. Gen. Stat. 97-13.

The Commission determined plaintiff was not an employee when injured and dismissed the claim. In this we find error.

In *Pearson v. Pearson, Inc.*, 222 N.C. 69, 21 S.E. 2d 879 (1942), plaintiffs' decedent was the president and general manager of a small corporation, who also worked as a salesman and collector of accounts. The insurance carrier's agent told decedent to include his salary in the payroll for the purpose of determining premium. Premiums were paid. Pearson was killed in an accident arising out of his work.

The Court held it did not need to decide the question of whether decedent was an employee within the meaning of the Workmen's Compensation Act, as defendant carrier, by its treatment of him as an employee and accepting the benefits of that status, had recognized his status as an employee to such an extent that it cannot now assert the contrary after loss has been sustained. After treating the claimant as an employee for the purpose of collecting the premium, the company could not, after loss, deny that he was an employee. (Section 2 of Chapter 97 of the General Statutes of North Carolina was amended in 1955, after *Pearson*, to include executive officers of corporations within the statutory definition of "employee.")

In *Aldridge v. Motor Co.*, 262 N.C. 248, 136 S.E. 2d 591 (1964), the Court held that where carrier accepted premium based on claimant's salary, with knowledge, it was estopped to deny his status as an employee.

"The law of estoppel applies in compensation proceedings as in all other cases." *Biddix v. Rex Mills*, 237 N.C. 660, 665, 75 S.E. 2d 777, 781 (1953). The status of claimant as an employee may be

established by way of estoppel. *Allred v. Woodyards, Inc.*, 32 N.C. App. 516, 232 S.E. 2d 879 (1977); *Britt v. Construction Co.*, 35 N.C. App. 23, 240 S.E. 2d 479 (1978); 8 Strong's N.C. Index 3d, Master and Servant § 81, p. 649.

As in *Pearson, supra,* the Commission was not required to decide the precise question of whether plaintiff could be classified as an employee. Farm Bureau, by their treatment of plaintiff as an employee and accepting the benefits of that status, cannot now be permitted to assert the contrary after loss has been sustained.

The evidence and findings of fact of the Commission support the conclusion that Farm Bureau is estopped from denying plaintiff's status as an employee when injured. We so hold.

The order of the Commission holding plaintiff was not an employee and dismissing plaintiff's claim is reversed.

The case is remanded to the Commission for hearings to determine the award of compensation plaintiff is entitled to receive.

Reversed and remanded.

Judges MORRIS (now Chief Judge) and WEBB concur.