GARRY L. DOUD, EMPLOYEE-PLAINTIFF v. K & G JANITORIAL SERVICES, EMPLOYER-DEFENDANT; FIDELITY & CASUALTY COMPANY OF NEW YORK, CARRIER-DEFENDANT AND/OR DANCY CONSTRUCTION COMPANY, EMPLOYER-DEFENDANT; AETNA INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8310IC9

(Filed 19.June 1984)

1. Insurance § 67; Master and Servant § 49.1— sole proprietor's employee status—insurance company estopped to assert notice requirement

Where defendant insurance company issued to plaintiff an insurance policy after an insurance agent completed a form entitled "Application For Workers' Compensation Insurance," drafted by the North Carolina Rate Bureau, the insurance company was estopped to assert the notice requirement of G.S. § 97-2(2), applicable to sole proprietors, to deny plaintiff coverage since the insurance company was put on inquiry notice that plaintiff, as a sole proprietor, had elected sole proprietor coverage, because (a) pursuant to G.S. § 58-124.18, the insurance company was a member of the Bureau and actively involved in its administration; (b) pursuant to G.S. § 58-124.17 (5), the Bureau was the insurance company's agent; and (c) the Bureau, created by G.S. § 58-124.17, drafted the controverted application form, and the insurance company's membership and representation in the Bureau charged the insurance company with constructive knowledge by putting it in possession of inquiry-triggering information.

2. Master and Servant § 50.1— plaintiff independent contractor at time of injury

The Industrial Commission properly found that plaintiff was not an employee of defendant contractor, and properly concluded that plaintiff was an independent contractor at the time of his injury where the evidence tended to show that (1) plaintiff was the sole proprietor of K & G Janitorial Services, an independent business; (2) plaintiff testified that he contacted the construction company in August 1980 "to contract out, to contract for cleaning up when the construction was finished"; (3) plaintiff orally contracted to clean the windows for a lump sum; and (4) plaintiff worked no set hours. G.S. § 97-2(2).

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 20 September 1982. Heard in the Court of Appeals 30 November 1983.

*Jenkins, Lucas, Babb & Rabil, by S. Mark Rabil, for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo, for defendant appellees, K & G Janitorial Services and Fidelity & Casualty Company of New York and Underwriters Adjusting Company.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and Henry W. Gorham, for defendant appellees Dancy Construction Company and Aetna Insurance Company.*

BECTON, Judge.

I

Plaintiff, Garry L. Doud, appeals from the North Carolina Industrial Commission's Order dismissing, on jurisdictional grounds, his claim for workers' compensation benefits.

In April 1980, Doud began a cleaning service business, K & G Janitorial Services. On 16 April 1980 he completed an application for workers' compensation insurance with the aid of Ms. Meadow Patten, an insurance agent at Woody Clinard Insurance, Inc. Both Patten and Doud testified that Doud intended to insure himself and his employees. Effective 1 July 1979 the General Assembly had amended N.C. Gen. Stat. § 97-2(2) (1979 & Supp. 1983) to permit "[a]ny sole proprietor or partner of a business whose employees are eligible for benefits under this Article [to] elect to be included as an employee under the workers' compensation coverage of such business if he is actively engaged in the operation of the business *and if the insurer is notified of his election to be so included.*" [Emphasis added.] The statute does not specify the method of notification. Prior to the 1979 amendment, sole proprietors could insure their employees but were ineligible for workers' compensation insurance themselves.

Patten completed a form entitled "Application for Workers' Compensation Insurance," drafted by the North Carolina Rate Bureau (Bureau) in August 1977. The Bureau's pre-amendment form did not include any space to elect or designate sole proprietor coverage. Patten named Garry Doud DBA K & G Janitorial Services as the employer. Patten specified that the employer's legal status was "Individual." She included Doud's salary in the estimated annual payroll. Patten submitted the completed application to the Bureau. The Bureau calculated the premiums based on the estimated annual payroll, then assigned and forwarded Doud's application to Fidelity & Casualty Company of New York (Fidelity). The policy issued to Doud by defendant, Fidelity, listed Garry Doud DBA K & G Janitorial Services as the insured and his legal status as "Individual." The policy did

not have a sole proprietor endorsement attached nor did it specify that such an endorsement was a prerequisite for sole proprietor coverage.

On 1 June 1980 Doud was slightly injured while at work. He filed an Industrial Commission Form 19, "Employer's Report of Injury to Employee," with Underwriters Adjusting Company (UAC), the claim handling adjusters for Fidelity. UAC paid the claim for $66.49 in medical expenses as a "medical only" claim without first checking the insurance policy.

In August 1980 Doud was hired by defendant Dancy Construction Company (Dancy) to clean the windows of a building under construction. While working on 15 September 1980, Doud fell from a ladder owned by Dancy and broke bones in both ankles. Fidelity denied Doud's workers' compensation claim for the 15 September 1980 accident, asserting that Doud's insurance policy did not cover him as the sole proprietor.

A Deputy Commissioner, after a hearing, concluded that the North Carolina Industrial Commission (Commission) lacked jurisdiction over Doud's claim. The Commission adopted as its own the Opinion and Award of the Deputy Commissioner. We refer, therefore, to the Commission's findings and conclusions.

## II

Doud argues that the Commission erred in ultimately concluding that it lacked jurisdiction over his claim, after finding and concluding that (1) Fidelity had no notice of Doud's election; (2) Fidelity was not estopped to deny coverage by its payment of the June 1980 "medical only" claim; and (3) Doud was not in an employer-employee relationship with either Dancy or Dancy's subcontractor.

## III

Ordinarily, to come within the provisions of the Workers' Compensation Act, a claimant has the burden of proving that an employer-employee relationship existed at the time of the injury. *Lucas v. Li'l General Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976); *Durham v. McLamb*, 59 N.C. App. 165, 296 S.E. 2d 3 (1982); *Lloyd v. Jenkins Context Co.*, 46 N.C. App. 817, 266 S.E. 2d 35 (1980). Although the Commission's findings of fact are generally con-

clusive on appeal, if supported by competent evidence, the employer-employee relationship is a jurisdictional fact, on which the reviewing court has the duty to make its own finding, after reviewing all the evidence in the record. *Lucas; Durham; Lloyd; see McLean v. Roadway Express, Inc.,* 307 N.C. 99, 296 S.E. 2d 456 (1982).

As stated earlier, the revised version of G.S. § 97-2(2) (1979 & Supp. 1983) enables a sole proprietor to be included as an employee under his business' workers' compensation coverage if (1) "he is actively engaged in the operation of the business," and (2) "the insurer is notified of his election." Therefore, in the case *sub judice,* Doud, a sole proprietor, had the burden of proving both (1) and (2) in order to come within the provisions of the Workers' Compensation Act as an employee. Since the sole proprietor's employee status is a jurisdictional fact, this Court has the duty to make its own independent finding, after reviewing all the evidence in the record. *Lucas; Durham; Lloyd.* Only the notice requirement is at issue here.

IV

[1] Doud contends that Fidelity is estopped to assert the notice requirement of G.S. § 97-2(2) to deny Doud coverage, because the application form put Fidelity on inquiry notice of Doud's election. We agree. We hold that Doud, a sole proprietor, successfully elected coverage as an employee under his workers' compensation policy and, therefore, the Commission has jurisdiction over his claim.

The doctrine of equitable estoppel comes into play when an insured, without knowledge of the true facts, detrimentally relies in good faith on an insurer's conduct. 16B J. Appleman and J. Appleman, *Insurance Law and Practice* § 9081 (rev. ed. 1981). That is, an insurer is estopped to deny workers' compensation coverage after a loss has been sustained, if the insurer treated the claimant as an employee in computing the premiums and accepted the resulting premiums based on the claimant's salary. *Pearson v. Pearson,* 222 N.C. 69, 21 S.E. 2d 879 (1942); *Aldridge v. Foil Motor Co.,* 262 N.C. 248, 136 S.E. 2d 591 (1964); *see also Garrett v. Garrett & Garrett Farms,* 39 N.C. App. 210, 249 S.E. 2d 808, *disc. rev. denied,* 296 N.C. 736, 254 S.E. 2d 178 (1979). And all the law requires is that the insurer have actual or *constructive knowledge*

of the true facts before the doctrine is applicable. 28 Am. Jur. 2d *Estoppel and Waiver* § 35, at 640 (1966); Appleman, *supra,* § 9081, at 496; § 9088, at 571-72. In *Aldridge, Pearson* and *Garrett,* the insurer's agent's actual knowledge was imputed to the insurer.

In the case *sub judice,* there is no dispute that Fidelity lacked actual knowledge of Doud's election. The absence of a sole proprietor endorsement with the issued policy supports Fidelity's ignorance. We need not decide whether Patten and Woody Clinard Insurance, Inc. acted as Fidelity's agents, since either Fidelity's membership in the Bureau or the Bureau's agency relationship with Fidelity put Fidelity on inquiry notice of Doud's election.

Fidelity argues that it did not attach the necessary endorsement to Doud's policy because his application did not notify Fidelity of his election; however, Doud's evidence reveals that the Bureau drafted the application form Doud completed in August 1977, several years before the July 1979 amendment. Consequently, the 1977 form did not contain a space to elect sole proprietor coverage. Doud's evidence further reveals that (1) the Bureau had not revised the 1977 form, as of April 1980, to reflect the 1979 amendment, and (2) the 1977 form was the standard form required by the Bureau for assigned risk workers' compensation insurance. Any attempt to notify the insurer had to be on an *ad hoc* basis. Fidelity's evidence, testimony by Thomas Haas, a commercial casualty underwriting manager with Fidelity, reinforces the haphazard notification methods bred of the outdated form.

Q. What's usually done to include [the] intent [to cover the sole proprietor]?

A. Well, the legal status *sometimes* shows individual and there it would show, include sole proprietor and coverage *sometimes*. Where they show the payroll, they will include sole proprietor to be included and indicate such payroll. [Emphasis added.]

Doud's application form put Fidelity on actual notice that Doud was a sole proprietor. Recognizing that

[b]efore an insurer can be charged with knowledge of facts available by investigation so as to constitute an equitable

estoppel, there must be a reason or cause for further investigation, and the insurer must be *put upon inquiry [notice] by some fact or information in the insurer's possession*[,] (Emphasis added.)

16B J. Appleman, *supra* p. 4, § 9088, at 572 & n. 42, we conclude that Fidelity was put on inquiry notice that Doud, as a sole proprietor, had elected sole proprietor coverage, because (a) pursuant to N.C. Gen. Stat. § 58-124.18 (1982), Fidelity was a member of the Bureau and actively involved in its administration; (b) pursuant to N.C. Gen. Stat. § 58-124.17(5) (1982), the Bureau was Fidelity's agent; and (c) the Bureau, created by N.C. Gen. Stat. § 58-124.17 (1982), drafted the controverted application form in August 1977. Fidelity's membership and representation in the Bureau charged Fidelity with constructive knowledge by putting it in possession of the inquiry-triggering information.

Moreover, Fidelity had constructive knowledge of Doud's election, by virtue of its principal-agent relationship with the Bureau. " '*Agency*' exists when one person is authorized to represent and act for another in dealings with third persons." *Lancaster's Stock Yards, Inc. v. Williams*, 37 N.C. App. 698, 703, 246 S.E. 2d 823, 827, *disc. rev. denied*, 295 N.C. 738, 248 S.E. 2d 863 (1978). The Bureau acts as Fidelity's exclusive agent for assigned risk workers' compensation insurance carriers in North Carolina.

As a prerequisite to the transaction of workers' compensation insurance in this State, every member of the Bureau that writes such insurance must file written authority permitting the Bureau to act in its behalf, as provided in this section, and an agreement to accept risks that are assigned to the member by the Bureau. . . .

N.C. Gen. Stat. § 58-124.17(5) (1982). As stated earlier, an agent's actual knowledge is imputed to the insurer. *Aldridge; Pearson; Garrett.* Significantly, the agent's constructive knowledge is also imputed to the insurer. 3 G. Couch, *Couch on Insurance 2d* § 26-145, at 688 (1980). Therefore, the Bureau and Fidelity, as its principal, had constructive knowledge of Doud's election.

We hold that Fidelity is estopped to deny Doud coverage as an employee, after treating Doud as an employee and accepting the benefits of that status, with constructive knowledge. *See*

*Aldridge; Pearson; Garrett;* Couch, *supra.* We, therefore, need not consider whether Fidelity's payment of the June 1980 "medical only" claim constitutes a separate ground for estoppel. It is certainly further evidence of Doud's detrimental reliance. The policy itself, Fidelity's acceptance of the premiums and payment of the June claim lulled Doud into a false sense of security. Since we have validated Doud's election of coverage as an employee, we further hold that the Commission has jurisdiction over his workers' compensation claim.

V

[2] We go on to address Doud's third argument, that the Commission erred in finding and concluding that "Doud was not an employee of either Dancy or Dancy's subcontractor, K & G Janitorial Services, and therefore not covered under Dancy's workers' compensation policy." We conclude that the Commission did not err in dismissing Doud's claim for coverage under Dancy's policy, on jurisdictional grounds.

As discussed in III, *supra,* an employer-employee relationship at the time of the injury is a jurisdictional fact, for which the claimant has the burden of proof. *Lucas; Durham; Lloyd.* This Court has the duty to make its own findings on jurisdictional facts, after reviewing all the evidence in the record. *Lucas.*

G.S. § 97-2(2) defines an employee as "every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written. . . ." An employer-employee relationship does not exist if one party is an independent contractor, since an independent contractor is not an employee within the meaning of the Act. *Morse v. Curtis,* 276 N.C. 371, 172 S.E. 2d 495 (1970).

Some of the factors considered are whether: "[t]he person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control

over such assistants; and (h) selects his own time." *Hayes v. Bd. of Trustees of Elon College*, 224 N.C. 11, 16, 29 S.E. 2d 137, 140 (1944).

Reviewing Doud's evidence, we find that (1) Doud was the sole proprietor of K & G Janitorial Services, an independent business; (2) Doud testified that he contacted Dancy in August 1980 "to contract out, to contract for cleaning up when the construction was finished"; (3) Doud orally contracted to clean the windows for a lump sum; (4) Doud worked no set hours. There is no evidence that Dancy had the right to control the methods used. We conclude that Doud was an independent contractor at the time of his injury.

Doud argues further that Dancy's failure, as a contractor, to obtain a certificate from the Industrial Commission showing that Doud, the subcontractor, was insured, created liability for Doud's workers' compensation benefits pursuant to N.C. Gen. Stat. § 97-19 (1979). This statute is designed to protect the *employees* of a subcontractor, not the subcontractor himself. *Richards v. Nationwide Homes*, 263 N.C. 295, 139 S.E. 2d 645 (1965). The sole proprietor of a business cannot normally wear two hats — owner and employee. G.S. § 97-2(2) (1979 & Supp. 1983), as discussed *supra*, provides the sole exception. Dancy is not liable for Doud's benefits.

### VI

In summary, we hold that the Commission has jurisdiction over Doud's workers' compensation claim based on Doud's election to be included as an employee under his own policy, pursuant to G.S. § 97-2(2) (1979 & Supp. 1983). For the reasons discussed above, Fidelity is estopped from asserting the statutory notice requirement to deny coverage. Doud, an independent contractor, is ineligible for coverage under Dancy's policy and, therefore, the Commission did lack jurisdiction over his claim on this theory.

Reversed in part and affirmed in part.

Chief Judge VAUGHN and Judge HILL concur.