SOUTHERLAND v. B. V. HEDRICK GRAVEL & SAND CO.

[123 N.C. App. 120 (1996)]

ROGER FRED SOUTHERLAND, Employee, Plaintiff v. B. V. HEDRICK GRAVEL & SAND COMPANY, Employer, and AETNA CASUALTY & SURETY COMPANY, Defendants

No. COA95-581

(Filed 2 July 1996)

**Workers' Compensation § 46 (NCI4th)— contractor's failure to obtain subcontractor's insurance certificate—injury to subcontractor—no employee election by subcontractor— contractor not liable for compensation**

A general contractor's failure to obtain a certificate of workers' compensation insurance from plaintiff subcontractor, a sole proprietor, did not render the contractor liable under N.C.G.S. § 97-19 for compensation for an injury suffered by plaintiff subcontractor since that statute protects only employees of the subcontractor and not the subcontractor himself, and plaintiff subcontractor had failed to elect to be included as an employee under the workers' compensation coverage of his business pursuant to N.C.G.S. § 97-2(2).

**Am Jur 2d, Workers' Compensation § 229.**

Appeal by defendants from opinion and award entered 8 February 1995 by the Full Commission. Heard in the Court of Appeals 26 February 1996.

Plaintiff, Fred Southerland, d/b/a Southerland Construction Company was injured on 12 December 1990 when he fell approximately 33 feet from a masonry wall to a concrete floor below, while at a construction project in Asheville, North Carolina. He sustained injuries to his left foot, left leg, pelvis, teeth, left ear, left wrist, left arm, and left shoulder, and was out of work from 12 December 1990 through 18 March 1991. At the time of his injury, Fred Southerland was an independent subcontractor of Buncombe Construction Company, Inc., and was engaged in the performance of work arising from the subcontract. Buncombe Construction Company, Inc., a subsidiary of defendant B. V. Hedrick Gravel and Sand Company, was the general contractor on the project. Plaintiff subcontracted with Buncombe Construction Company Inc. to perform the complete installation of a standing seam roof system with miscellaneous trims and accessories, including all equipment and labor on the project. Prior to the time of subcontracting the performance of the roofing

SOUTHERLAND v. B. V. HEDRICK GRAVEL & SAND CO.

[123 N.C. App. 120 (1996)]

work, plaintiff advised Buncombe that he maintained workers' compensation insurance coverage, but he did not provide Buncombe with a certificate of insurance, nor did they obtain a certificate from any other source. Plaintiff sublet work on the project to Service Construction Company, and requested and obtained a certificate of workers' compensation insurance from his subcontractor. Deputy Commissioner Tamara R. Nance concluded that because defendants failed to obtain a certificate of insurance from plaintiff that defendants were liable for all compensation and benefits due to plaintiff under the Workers' Compensation Act. Defendants appealed to the Full Commission and the Full Commission affirmed the holding of the Deputy Commissioner. Defendants appeal.

*Scott E. Jarvis & Associates, by Scott E. Jarvis, for plaintiff appellee.*

*Russell & King, P.A., by Gene Thomas Leicht, for defendant appellants.*

ARNOLD, Chief Judge.

Appellants first assign error to the Industrial Commission's award of workers' compensation benefits to plaintiff as a misapplication of the law. We agree and vacate the opinion and award.

The central issue in this case is whether the Industrial Commission had jurisdiction over this claim. A jurisdictional question may be raised at any stage of the proceeding. *Askew v. Tire Co.*, 264 N.C. 168, 171, 141 S.E.2d 280, 282 (1965). Ordinarily, to come within the provisions of the Workers' Compensation Act, a claimant has the burden of proving that an employer-employee relationship existed at the time of the injury. *Durham v. McLamb*, 59 N.C. App. 165, 168, 296 S.E.2d 3, 5 (1982). Further, in order for a sole proprietor to be included as an employee under his business' workers' compensation coverage, he must show that (1) he is actively engaged in the operation of the business, and that (2) his insurer is notified of his election to be covered. N.C. Gen. Stat. § 97-2(2) (1991).

Under N.C. Gen. Stat. § 97-86 (Supp. 1995) and our case law, it is axiomatic that an opinion and award entered by the Industrial Commission will not be disturbed on appeal unless a patent error of law exists therein. *Hoffman v. Ryder Truck Lines, Inc.*, 306 N.C. 502, 505, 293 S.E.2d 807, 809 (1982). The Commission's findings of fact are conclusive on appeal if they are supported by competent evidence

even though there is evidence to the contrary. *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980). However, the reviewing court has the right and the duty to make its own independent findings of jurisdictional facts from its consideration of all the evidence in the record. *Richards v. Nationwide Homes*, 263 N.C. 295, 303-304, 139 S.E.2d 645, 651 (1965). The sole proprietor's employee status is a jurisdictional fact, thus this Court has the duty to make its own independent finding, after reviewing all the evidence in the record. *Doud v. K & G Janitorial Servs.*, 69 N.C. App. 205, 208, 316 S.E.2d 664, 667, *cert. denied*, 312 N.C. 492, 322 S.E.2d 554 (1984).

The dispositive statutes in the present case are G.S. § 97-2(2) and N.C. Gen. Stat. § 97-19 (1989) (amended 1994). G.S. § 97-2(2) requires sole proprietors to make an election in order to be eligible for workers' compensation benefits.

> Any sole proprietor or partner of a business whose employees are eligible for benefits under this Article may elect to be included as an employee under the workers' compensation coverage of such business if he is actively engaged in the operation of the business and if the insurer is notified of his election to be so included.

G.S. § 97-19 explains the liability of principal contractors who sublet work to subcontractors:

> Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by the Industrial Commission, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable, irrespective of whether such subcontractor has regularly in service less than four employees in the same business within this State, to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death of any such subcontractor, any principal or partner of such subcontractor or any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract. If the principal contractor, intermediate contractor or subcontractor shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to any such subcontractor,

any principal or partner of such subcontractor, or any employee of such subcontractor for compensation or other benefits under this Article. If the subcontractor has no employees and waives in writing his right to coverage under this section, the principal contractor, intermediate contractor, or subcontractor subletting the contract shall not thereafter be held liable for compensation or other benefits under this Article to said subcontractor. Subcontractors who have no employees are not required to comply with G.S. 97-93. The Industrial Commission, upon demand shall furnish such certificate, and may charge therefor the cost thereof, not to exceed twenty-five cents (25).

The manifest purpose of this statute . . . is to protect the employees of irresponsible and uninsured subcontractors by imposing ultimate liability on principal contractors, intermediate contractors, or subcontractors, who presumably being financially responsible, have it within their power, in choosing subcontractors, to pass upon their financial responsibility and insist upon appropriate compensation protection for their workers.

*Greene v. Spivey*, 236 N.C. 435, 443, 73 S.E.2d 488, 494 (1952). G.S. § 97-19 protects the employees of a subcontractor, not the subcontractor himself. *Doud* at 212, 316 S.E.2d at 669.

The Full Commission adopted the opinion and award of the Deputy Commissioner, we therefore refer to the findings and conclusions of the Commission. The parties stipulated that Southerland Construction Company is located in Baileyton, Alabama and is a sole proprietorship. Also stipulated was that at the time of subletting the work on the construction project to Service Construction Company, and at the time of plaintiff's fall, Southerland Construction Company maintained a policy of workers' compensation insurance in compliance with the workers' compensation laws of Alabama and North Carolina. The Commission concluded as a matter of law:

Even though a certificate of insurance would not have shown that plaintiff failed to elect to cover himself as a sole proprietor, and even though plaintiff had complied with N.C.G.S. § 97-93. [B]y having coverage for his employees, the undersigned is of the opinion that with N.C.G.S. § 97-19 must be strictly construed, and that by failing to require <u>and</u> obtain a certificate of insurance from plaintiff, defendants·are liable for all compensation and benefits due under the Act for plaintiff's injury by accident.

The Commission erroneously concluded that because defendants failed to comply with G.S. § 97-19 by not obtaining an insurance certificate from plaintiff, that defendants are therefore liable. G.S. § 97-19, however, is not applicable to the present case and does not afford plaintiff coverage. Had one of plaintiff's *employees* been injured, *only then* would defendants' failure to obtain from plaintiff an insurance certificate merit the Commission awarding benefits to one of plaintiff's employees.

The facts before us show that plaintiff, a sole proprietor, failed to elect to be included as an employee under the workers' compensation coverage of his business. Consequently, plaintiff has not established that an employer-employee relationship existed at the time of injury either by electing coverage under G.S. § 97-2(2), or by being an employee under G.S. § 97-19. Therefore, because no employer-employee relationship existed the Commission lacked jurisdiction to hear plaintiff's claim and we vacate the Commission's opinion and award.

Vacated and reversed.

Judges WYNN and MARTIN, Mark D., concur.