NORTH CAROLINA RAILROAD COMPANY v. CITY OF CHARLOTTE

[112 N.C. App. 762 (1993)]

## III.

———————

THE NORTH CAROLINA RAILROAD COMPANY, Plaintiff v. CITY OF CHARLOTTE and NORFOLK SOUTHERN RAILWAY COMPANY, Defendants

No. 9226SC916

(Filed 7 December 1993)

**1. Appeal and Error § 112 (NCI4th)— interlocutory appeal— subject matter jurisdiction—appealable**

The denial of a motion to dismiss for lack of subject matter jurisdiction was appealable. N.C.G.S. § 1-277(b) allows a defendant a means of immediate appellate determination as to whether the trial court has jurisdiction.

**Am Jur 2d, Appeal and Error §§ 47 et seq.**

NORTH CAROLINA RAILROAD COMPANY v. CITY OF CHARLOTTE

[112 N.C. App. 762 (1993)]

2. Courts § 132 (NCI4th)— land no longer used as railroad—
   construction of lease, deed, and contract—state jurisdiction

   The trial court did not err by denying Norfolk Southern's
   motion to dismiss an action arising from a lease with the
   North Carolina Railroad Company where Norfolk Southern
   contended that Norfolk Southern's duty to provide interstate
   rail service on its lines was subject to the exclusive ju-
   risdiction of the ICC, but this case turns on state law con-
   struction of written instruments, specifically a lease, a deed,
   and a contract, while the ICC ruling applies to the abandon-
   ment of the railroad.

   Am Jur 2d, Courts §§ 107-110.

3. Appeal and Error § 121 (NCI4th)— summary judgment—
   multiple parties or multiple claims—not certified for
   appeal—interlocutory

   Plaintiff's cross-appeal from a partial summary judgment
   was interlocutory and not appealable where the judgment was
   in a multiple claim or multiple party action, was final as to
   one or more of the claims but not certified for appeal by
   the trial court, and was not authorized by some other rule
   or statute. N.C.G.S. § 1A-1, Rule 54(b).

   Am Jur 2d, Appeal and Error § 104.

Plaintiff, The North Carolina Railroad Company, and defendant
Norfolk Southern Railway Company, appeal from order entered
19 May 1992 by Judge Claude S. Sitton in Mecklenburg County
Superior Court. Heard in the Court of Appeals 2 September 1993.

*Maupin Taylor Ellis & Adams, P. A., by Gilbert C. Laite,
III, and Petree Stockton, by David B. Hamilton, for plaintiff/
cross-appellant/appellee The North Carolina Railroad Company.*

*Jones, Hewson & Woolard, by Harry C. Hewson, and Brooks,
Pierce, McLendon, Humphrey & Leonard, by Lennox P.
McLendon, Jr., and James R. Saintsing, for defendant/
appellant/cross-appellee Norfolk Southern Railway Company.*

*Office of the City Attorney, by Catherine Cooper Williamson,
and Laura A. Kratt, for defendant/cross-appellee City of
Charlotte.*

NORTH CAROLINA RAILROAD COMPANY v. CITY OF CHARLOTTE

[112 N.C. App. 762 (1993)]

JOHNSON, Judge.

This action centers around a right of way dispute between two railroad companies, The North Carolina Railroad Company (NCRR) and Norfolk Southern Railway Company (NS[1]), as to a tract of land in downtown Charlotte, North Carolina. The facts pertinent to this appeal are as follows:

NCRR owns a railroad line which runs across North Carolina, from Morehead City westward to a southern terminus point in downtown Charlotte. At this southern terminus point, NCRR's railroad line is connected and has connected to the railroad line and corridor owned by NS since the turn of the century. NS' line continues south from that point through the remainder of Charlotte and to points beyond as an interstate railroad line. These two lines connected on a small parcel of land (Lot A) owned jointly by NCRR and NS as tenants in common on the south side of Second Street in downtown Charlotte. Lot A bordered a larger tract of land owned by NS (this larger tract is referred to as the Subject Property). NS' right of way extends southward from Lot A, through the Subject Property.

---

1. NS refers to both Norfolk Southern and its predecessor, Southern Railway.

# NORTH CAROLINA RAILROAD COMPANY v. CITY OF CHARLOTTE

[112 N.C. App. 762 (1993)]

EXHIBIT

A

In a document executed in 1895, NCRR leased certain properties to NS for a ninety-nine year period (until 1994). In 1968, the parties executed a new lease agreement pertaining to several of the parcels covered in the 1895 agreement located north of the Subject Property and Lot A. This new lease contained an exception of a forty-foot strip as a right of way for two railroad tracks, and pursuant to the terms of the exception, NS had a surveyor locate this forty-foot strip and it was recorded in the Mecklenburg Registry on 23 December 1971 on a plat entitled "Southern Railway Right of Way."

By the terms of the 1968 lease, NCRR conveyed all of its undivided interest in Lot A to NS by general warranty deed without reservation or condition.

In 1990, NS and the City of Charlotte (City) entered into an agreement for NS to sell the Subject Property to the City as the City planned to build a convention center on the Subject Property. In 1991, the parties amended their agreement to provide that NS seek Interstate Commerce Commission (ICC) approval for abandonment of its line of railroad on the Subject Property. NS filed this notice with the ICC; the ICC responded affirmatively on 16 July 1991, stating the exemption would become effective 30 August 1991.

As a result of this decision, NCRR filed a petition with the ICC, dated 10 December 1991, asking the ICC to reopen consideration of its decision allowing NS to abandon the rail line on the Subject Property. NS filed timely response opposing this petition, and the ICC rendered its decision on 18 February 1992, effective 24 February 1992, denying NCRR's petition.

Also on 10 December 1991, plaintiff NCRR filed a complaint for declaratory judgment in this action in Mecklenburg County Superior Court and served defendants NS and City on 11 December 1991. NS obtained an extension of time to respond, and then filed and served its answer and counterclaim; the City also filed its answer. NS' and the City's answers included motions to dismiss under N.C.R. Civ. P. 12(b)(1) and 12(b)(6).

NS filed a motion for summary judgment against NCRR on 2 March 1992. NCRR filed a motion to dismiss NS' counterclaim under N.C.R. Civ. P. 12(b)(6) on 9 March 1992. City filed a motion

for judgment on the pleadings under N.C.R. Civ. P. 12(c) and for summary judgment against NCRR on 22 April 1992.

On 22 April 1992, NS filed a motion for leave to amend its answer and counterclaim, to allege the affirmative defenses of res judicata and/or collateral estoppel.

On 4 May 1992, during the motions session of the action, NS contended in open court that the ICC had exclusive subject matter jurisdiction over the NCRR's claims against NS. A motion by NCRR to stay the hearing pending completion of discovery was denied.

The order entered on 19 May 1992 contained the following rulings: a denial of the City's motion for judgment on the pleadings; a denial of NS' motion to dismiss for lack of subject matter jurisdiction; a denial of NS' and the City's motions to dismiss for failure to state a claim under N.C.R. Civ. P. 12(b)(6); a denial of NS' and the City's motions for summary judgment as to counts 1, 3, 6 and 7 of the complaint; the granting of NS' and the City's motions for summary judgment as to counts 2, 4, 5 and 8 of the complaint; a denial of NCRR's motion to dismiss NS' counterclaim under N.C.R. Civ. P. 12(b)(6); and a denial of NCRR's motion for leave to amend its answer and counterclaim to allege res judicata and/or collateral estoppel.

NS filed notice of appeal on 26 June 1992, and NCRR filed its notice of cross-appeal on 9 July 1992.

[1] NS first assigns that the trial court erred in denying NS' motion to dismiss for lack of subject matter jurisdiction. NS argues initially that this interlocutory appeal is proper under North Carolina General Statutes § 1-277 (1983). This statute states:

(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

(b) Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such

party may preserve his exception for determination upon any subsequent appeal in the cause.

NS argues that the trial court improperly assumed jurisdiction over property of NS, and that "[u]nder N.C.G.S. § 1-277(b), it is clearly proper for this Court to consider an appeal from denial of a motion to dismiss, when the motion deals with jurisdiction over property of the appellant." NS further argues that "[t]he trial court's decision also affects a substantial right of NS: the right not to be forced to go to trial when jurisdiction assumed over NS in state court was a nullity. Therefore, immediate appeal is also proper under N.C.G.S. § 1-277(a)."

Our Court has stated that "[North Carolina General Statutes § 1-277(b)] simply allows a defendant, in an action of this nature, a means of immediate appellate determination as to whether the trial court has jurisdiction so that it can then proceed to answer the questions raised by the lawsuit." *Holt v. Holt*, 41 N.C. App. 344, 348, 255 S.E.2d 407, 410 (1979). We find that the denial of NS' motion to dismiss for lack of subject matter jurisdiction is properly appealable.

[2]   NS argues that "[t]he court below erroneously assumed jurisdiction over NS's property south of the Subject Property. . . . NS's duty to provide interstate rail service on its lines is subject to exclusive jurisdiction of the ICC." NS argues that it is well-established "that the ICC's authority to regulate trackage rights affecting interstate commerce preempts state regulation." NS directs this Court's attention to cases specifically involving claims which involve state jurisdiction over physical joining of lines, use of an interstate trackage and abandonment of existing lines.

The cases which NS cites, however, are distinguishable from the facts in the instant case. The instant case turns on state law construction of written instruments, specifically the language of the 1968 lease, the 1968 deed and the 1990 contract herein, while the ICC ruling applies to the abandonment of the railroad. We therefore find that the trial court did not err in denying NS' motion to dismiss for lack of subject matter jurisdiction.

NS' next two assignments of error are that (1) the trial court abused its discretion in denying NS leave to amend its answer and counterclaim as to the preclusive effect of the ICC decision, and (2) the trial court erred in denying NS' motion to dismiss

NORTH CAROLINA RAILROAD COMPANY v. CITY OF CHARLOTTE

[112 N.C. App. 762 (1993)]

pursuant to N.C.R. Civ. P. 12(b)(6), because the ICC's decision of 18 February 1992 precludes state court determination of the claims raised in the complaint against NS. For reasons set out in our previous discussion, we need not address these assignments of error.

[3] NCRR cross-appeals and argues that the trial court erred by granting defendant NS' motions for summary judgment on counts 2, 4, 5, and 8 of the complaint. In determining whether we may properly hear NCRR's cross-appeal, we turn to N.C.R. Civ. P. 54(b):

> *Judgment upon multiple claims or involving multiple parties.—* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. *In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.* Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)

In order for a judgment in a multiple claim or multiple party action to be immediately appealable, the judgment must be (1) in effect final as to one or more of the claims or parties; and (2) certified for appeal by the trial judge. If the judgment is final as to one or more of the claims or parties but has not been certified for appeal by the trial court, no appeal will lie unless an immediate appeal is authorized by some other rule or statute, such as North Carolina General Statutes § 1-277 or North Carolina General Statutes § 7A-27 (1989). *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240, *disc. review allowed and appeal dismissed*, 301 N.C. 92 (1980).

Therefore, the judgment herein, as a multiple claim or multiple party action, and final as to one or more of the claims or parties but not certified for appeal by the trial court, is not appealable unless an immediate appeal is authorized by some other rule or statute. Finding no immediate appeal authorized by some other rule or statute, and noting that counts 1, 3, 6 and 7 of NCRR's complaint remain, we find NCRR's cross-appeal interlocutory.

We affirm the trial court's decision denying NS' motion to dismiss for lack of subject matter jurisdiction. We dismiss NCRR's cross-appeal as it is interlocutory.

Judges WYNN and JOHN concur.