JOBY J. RICH v. R.L. CASEY, INC.

No. 9418SC301

(Filed 7 March 1995)

**Workers' Compensation §§ 46, 52 (NCI4th)— no workers' compensation insurance carried by subcontractor—coverage through principal contractor—statutory employer—exclusivity of workers' compensation benefits**

Where plaintiff's employer, a subcontractor, did not have workers' compensation insurance and did not furnish evidence of such to defendant principal contractor, and plaintiff sought and

RICH v. R. L. CASEY, INC.

[118 N.C. App. 156 (1995)]

received workers' compensation benefits from defendant's carrier, defendant was plaintiff's statutory employer, and benefits available to plaintiff through defendant's workers' compensation carrier constituted plaintiff's exclusive remedy against defendant for plaintiff's injuries. N.C.G.S. § 97-19.

**Am Jur 2d, Workers' Compensation §§ 62 et seq., 229.**

Appeal by plaintiff from order entered 27 January 1994 by Judge Howard R. Greeson, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 27 October 1994; reconsidered and heard without oral argument per order dated 24 January 1995.

On 4 September 1991, plaintiff was injured during the construction of the Colonial Heritage Center in Greensboro, North Carolina. Plaintiff was installing roof trusses on the morning of the accident. Plaintiff's employer and supervisor, Mark Moore, instructed plaintiff to place a bundle of plywood and some additional trusses on top of the trusses that were already installed. While Moore and his crew, including plaintiff, were leaving to take a lunch break, Moore was told by defendant's site superintendent that there was too much weight on the roof trusses. After lunch, Moore and plaintiff climbed up on the roof and began spreading the plywood over the roof. While Moore and plaintiff were on the roof, several of the trusses broke and the roof collapsed. Plaintiff's left foot was crushed between two trusses and a rod from the collapsing wall pierced plaintiff's back between his spine and his kidney. Moore was trapped under the falling trusses and killed.

Plaintiff's employer, Mark Moore Construction Company (hereinafter Moore's Company), contracted with defendant as a subcontractor on the construction project. Moore's Company failed to furnish defendant with proof of workers' compensation insurance. In fact, Moore's Company did not have workers' compensation insurance for its employees. Defendant, the principal contractor of the building project, submitted plaintiff's claims for benefits to its workers' compensation carrier pursuant to G.S. 97-19. Plaintiff's claim for benefits was approved by defendant's carrier. Plaintiff accepted workers' compensation benefits from defendant's workers' compensation carrier.

On 25 November 1992, plaintiff filed suit against defendant seeking compensatory and punitive damages for his injuries. On 19 November 1993 defendant moved for summary judgment on the

grounds that plaintiff's exclusive remedies were provided by the Workers' Compensation Act. On 27 January 1994, the trial court granted summary judgment in favor of defendant. Plaintiff appeals.

*Smith, Follin & James, by Norman B. Smith and Seth R. Cohen, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and Ellen M. Gregg, for defendant-appellee.*

EAGLES, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. After careful review of the record and briefs, we affirm.

We note initially that this appeal is interlocutory since plaintiff amended his complaint on 10 November 1993 to include as a defendant, Guy M. Turner, Inc. The trial court granted summary judgment to defendant but the claims against defendant Turner were not decided. G.S. 1A-1, Rule 54(b) deals with judgments involving multiple claims or parties. Under Rule 54(b), a judgment that is final as to one or more of the parties or claims, but not all, may be immediately appealable if the trial court makes an express determination that there is no just reason for delay. *N.C. Railroad v. City of Charlotte*, 112 N.C. App. 762, 769, 437 S.E.2d 393, 396 (1993). *See also*, Comment 1A-1, Rule 54(b). In its order granting defendant's motion for summary judgment, the trial court certified the judgment for immediate appeal pursuant to Rule 54(b). Accordingly, we address the merits.

The following facts are undisputed. Defendant was the principal contractor for the construction of the Colonial Heritage Center. Plaintiff's employer, Mark Moore Construction Company, was a subcontractor on the project responsible for completing all rough carpentry, finish carpentry and truss erection. Although Moore's Construction Company was required by statute, G.S. 97-19, to furnish defendant with proof of the company's workers' compensation insurance, at the time of the accident, Moore's Construction Company had not furnished the required proof and did not have workers' compensation insurance for its employees. Pursuant to G.S. 97-19, plaintiff applied for and received workers' compensation benefits through defendant's workers' compensation carrier.

The sole issue before us is whether defendant, as a principal contractor, is plaintiff's "statutory employer" pursuant to G.S. 97-19 and

RICH v. R. L. CASEY, INC.

[118 N.C. App. 156 (1995)]

entitled to benefit from the exclusivity provisions of the Workers' Compensation Act (hereinafter Act). G.S. 97-9, 97-10.1. We conclude that defendant is plaintiff's statutory employer and that the workers' compensation benefits available to plaintiff through defendant's workers' compensation carrier constitutes plaintiff's exclusive remedy against defendant for plaintiff's injuries.

The "statutory employer" statute, G.S. 97-19, provides in pertinent part:

> Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by a workers' compensation insurance carrier, or a certificate of compliance issued by the Department of Insurance to a self-insured subcontractor, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article . . . . If the principal contractor, intermediate contractor or subcontractor shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to any such subcontractor, any principal or partner of such subcontractor, or any employee of such subcontractor for compensation or other benefits under this Article. . . .

> Any principal contractor, intermediate contractor, or subcontractor paying compensation or other benefits under this Article, under the foregoing provisions of this section, may recover the amount so paid from any person, persons or corporation who independently of such provision, would have been liable for the payment thereof.

G.S. 97-19. G.S. 97-19 applies only when two conditions are met. First, the injured employee must be working for a subcontractor doing work which has been contracted to it by a principal contractor. Second, the subcontractor does not have workers' compensation insurance coverage covering the injured employee. *Zocco v. U.S. Dept. of Army*, 791 F.Supp. 595, 599 (E.D.N.C. 1992). When these two conditions are met, the principal contractor becomes liable to the subcontractor's employee for payment of workers' compensation benefits. It is undisputed that defendant was the principal contractor

on the building project and that Moore's Construction Company was a subcontractor hired by defendant. Moore's Construction Company did not have workers' compensation insurance coverage at the time of the accident. Defendant, pursuant to G.S. 97-19, submitted plaintiff's claims to its workers' compensation carrier. Plaintiff's request was approved and plaintiff received workers' compensation benefits from defendant's workers' compensation carrier. The issue is whether defendant is entitled to benefit from the exclusivity provisions of the Act since it has paid plaintiff his workers' compensation benefits. We conclude that defendant is so entitled.

Larson on Workers' Compensation Law states:

> Forty-four states now have "statutory-employer" or "contractor-under" statutes—i.e., statutes which provide that the general contractor shall be liable for compensation to the employee of a subcontractor under him, usually when the subcontractor is uninsured . . . doing work which is part of the business, trade or occupation of the principal contractor. Since the general contractor is thereby, in effect, made the employer for purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation; and the great majority of cases have so held.

2A Larson, *Workmen's Compensation Law*, § 72.31(a). In *Zocco v. U.S. Dept. of Army*, 791 F.Supp. 595 (E.D.N.C. 1992), plaintiff was injured while operating a ride at the 1988 fair at the Fort Bragg Army Base. Plaintiff was employed by subcontractor Lawrence Brawley who was hired by the principal contractor, Deggeller Attractions, Inc., to assemble and operate two rides at the fair. Plaintiff filed suit against the Army, Deggeller, and Brawley alleging negligence. Although plaintiff's workers' compensation claims were still pending before the Industrial Commission, plaintiff chose to first pursue the civil lawsuit against the defendants. The United States District Court held that since Brawley was Deggeller's subcontractor and Brawley did not have workers' compensation insurance, G.S. 97-19 applied making Deggeller plaintiff's statutory employer. "As a statutory employer, Deggeller is immunized from civil liability by the Act's exclusivity provisions." *Id.* at 603.

The rationale behind the district court's holding and the holdings of other states following this rule is that the principal contractor as statutory employer "steps into the shoes" of the subcontractor, plaintiff's immediate employer. Since the general contractor is subjected

to no fault liability under G.S. 97-19 and is required to compensate the subcontractor's injured employee, the principal contractor becomes the injured employee's immediate employer for purposes of the Act and is entitled to the benefit of the Act's exclusivity provisions. The plaintiff is not harmed by this construction because he still receives the same workers' compensation benefits for his injuries, albeit, from the principal contractor or its carrier.

Even though plaintiff arguably may have alleged in his complaint that defendant Casey knowingly violated its non-delegable duty to ensure that safety precautions were followed when undertaking an inherently dangerous activity, we do not find any forecast of evidence in the record and no argument in plaintiff's brief that any of the well-established exceptions to the exclusivity rule for intentional conduct are applicable to the facts of the case.

Accordingly, we conclude that defendant contractor is entitled to the Act's exclusivity provisions for employers and may not be sued based on the subcontractor's employee's injuries. The judgment of the trial court is affirmed.

Affirmed.

Judges WALKER and MARTIN, MARK D., concur.