TRACY PATTERSON, Employee, Plaintiff v. MARKHAM & ASSOCIATES and SUNSTAR HOMES, Employers, CONSOLIDATED ADMINISTRATORS and NORTH CAROLINA HOME BUILDERS FUND, Carrier, Defendants

No. COA95-653

(Filed 6 August 1996)

**1. Workers' Compensation § 46 (NCI4th)— failure of subcontractor to pay insurance premium—no knowledge by general contractor—general contractor not statutory employer**

The Industrial Commission did not err by finding that the general contractor, Sunstar, was not a statutory employer under

PATTERSON v. MARKHAM & ASSOCIATES

[123 N.C. App. 448 (1996)]

N.C.G.S. § 97-19 where the evidence tended to show that plaintiff worked for Markham, a subcontractor, on a job which was contracted to Markham by Sunstar; when Markham began working for Sunstar, the insurance agent sent Sunstar a certificate of insurance indicating coverage for Markham for one year; and when Markham's insurance was canceled for its failure to pay its premium, Sunstar was not notified of the cancellation.

**Am Jur 2d, Workers' Compensation §§ 71, 172, 229, 552.**

2. **Workers' Compensation § 9 (NCI4th)— workers' compensation insurance properly canceled—no compensation from self-insurance fund**

A self-insurance fund and its servicing agent were not required to notify the principal contractor of cancellation of a subcontractor's workers' compensation insurance coverage where they had no knowledge of the certificate of insurance provided to the principal contractor on behalf of the subcontractor. Where competent evidence existed to support the Industrial Commission's finding that there was a proper cancellation of the subcontractor's compensation coverage by the servicing agent for the self-insurance fund, the Commission was justified in concluding that the subcontractor's injured employee was not entitled to compensation from the self-insurance fund.

**Am Jur 2d, Workers' Compensation §§ 50, 52-54.**

Appeal by plaintiff-appellant from Opinion and Award entered 6 March 1995 by the North Carolina Industrial Commission, J. Randolph Ward, Commissioner. Heard in the Court of Appeals 28 February 1996.

*L. Holt Felmet for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by M. Reid Acree, Jr. and Richard M. Lewis, for defendant-appellee Sunstar Homes.*

*The Sanford Law Firm, by Wanda Blanche Taylor, for defendant-appellee North Carolina Home Builders Self Insurers Fund.*

WYNN, Judge.

On 11 December 1992, plaintiff Tracy Patterson suffered an injury by accident arising out of and in the course of his employment when

he fell from a scaffold while working for defendant Markham & Associates ("Markham"). Plaintiff's accident occurred on a project that defendant Sunstar Homes ("Sunstar")—the principal contractor—had subcontracted Markham to perform carpentry work on the Village Lake Subdivision in Wake County, North Carolina. The contract required Markham to carry workers' compensation insurance.

Prior to the time of the contract, Markham had applied for workers' compensation insurance from the Vardell Godwin Insurance Agency ("Godwin") and through Godwin, Markham purchased insurance from the North Carolina Home Builders Trust ("Home Builders"), a self insurance fund serviced by Consolidated Administrators ("Consolidated"). To fulfill Markham's contractual obligation with Sunstar, Godwin mailed Sunstar a certificate indicating insurance coverage for Markham from 1 April 1992 until 1 April 1993. Under the terms of the Home Builder's agreement with Godwin, upon sending a certificate of insurance on behalf of a subcontractor, Godwin was required to send a copy of the certificate to Consolidated. However, Godwin did not send Consolidated a copy of the certificate of insurance that it sent to Sunstar.

In July of 1992, Consolidated notified Markham that its workers' compensation insurance would be terminated on 7 August 1992, due to Markham's failure to pay the policy premiums in a timely fashion. In response, Markham paid the past due bill in full and the insurance remained in effect. In September of 1992, Consolidated sent Markham another notice of termination stating that the insurance coverage would be terminated effective 3 October 1992, again due to Markham's failure to pay the premiums. Once again, Markham paid the past due bill in full and the coverage remained in effect. In November of 1992, Consolidated sent another notice of termination to Markham stating that the insurance would be terminated effective 3 December 1992 for failure to pay premiums. This time, however, Markham did not send in the past due premiums in a timely fashion; thus, Consolidated notified Markham that its insurance coverage through Home Builders terminated on 3 December 1992.

Eight days after Home Builders terminated Markham's insurance coverage, plaintiff suffered the injury which led to the instant action.

In February of 1993, after discovering that Markham's insurance coverage had lapsed, plaintiff filed a claim with the Industrial Commission seeking worker's compensation benefits. Plaintiff named Markham, Sunstar, Consolidated and Home Builders as defendants,

contending that these parties were liable for payment of workers' compensation benefits due to the failure by Consolidated to notify Sunstar that Markham's insurance coverage lapsed.

Deputy Commissioner Tamara R. Nance dismissed the claims against Home Builders (and its administrator, Consolidated) and Sunstar and found Markham liable for all of plaintiff's injuries. The Full Commission ("Commission") modified and affirmed the decision of the Deputy Commissioner and found that Markham alone was liable for plaintiff's workers' compensation benefits. From this decision, plaintiff appealed.

---

The issues on appeal are (I) whether the Commission erred in finding that Sunstar was not a statutory employer under N.C. Gen. Stat. § 97-19 (1991) and (II) whether the Commission erred in finding that Markham was solely liable for worker's compensation benefits due to plaintiff. We affirm the Commission's decision on both issues.

We note at the outset that findings of fact made by the Industrial Commission are conclusive on appeal if supported by competent evidence. N.C.G.S. § 97-86; *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). This is so even if there is evidence which would support a finding to the contrary. *Id.* Hence, on appeal, this Court is limited to two inquiries: (1) whether any competent evidence exists before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusions and decision. *Id.*

I.

[1] Plaintiff first contends, in essence, that the Commission erred by finding that Sunstar was not a statutory employer under N.C.G.S. § 97-19. We disagree.

The "statutory employer" statute, N.C.G.S. § 97-19, provides in relevant part:

Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring *from such subcontractor* or obtaining from the Industrial Commission *a certificate, issued by a workers' compensation insurance carrier,* or a certificate of compliance issued by the Department of Insurance to a self-insured subcontractor, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable . . . to the same ex-

tent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article . . . . If the principal contractor, intermediate contractor or subcontractor shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to any such subcontractor, any principal or partner of such subcontractor, or any employee of such subcontractor for compensation or other benefits under this Article . . . .

(emphasis supplied).

To become a statutory employer under N.C.G.S. § 97-19, two conditions must be met. "First, the injured employee must be working for a subcontractor doing work which has been contracted to it by a principal contractor. Second, the subcontractor does not have workers' compensation insurance coverage covering the injured employee." *Rich v. R.L. Casey, Inc.*, 118 N.C. App. 156, 159, 454 S.E.2d 666, 667, *disc. review denied*, 340 N.C. 360, 458 S.E.2d 190 (1995). If these conditions are met, then the principal contractor is a statutory employer and can be held liable for the payment of compensation and other benefits.

In the subject case, the Commission made the following relevant findings of fact:

4. On 13 September 1992, Markham entered into a contract with Sunstar Homes to perform work as a framing subcontractor. In that contract Markham agreed to furnish Sunstar certificates of insurance covering workers' compensation and general liability . . . .

. . . .

7. The Vardell Godwin Insurance Agency was a field representative for North Carolina Home Builders Self-Insurance Fund . . . . [T]he Godwin Agency was an agent of Home Builders for the purpose of issuing certificates of insurance which would reflect coverage by Home Builders. The field services agreement required that the Godwin Agency furnish Consolidated Administrators with a copy of every certificate of insurance it issued. This was to enable Consolidated Administrators to notify the certificate holder if coverage was canceled before expiration of the policy term . . . . The certificate, on its face, disclaims any duty or

promise to give its [holder] actual notice [of cancellation], although it states the issuer will "endeavor" to do so.

. . . .

9. When Markham began working for Sunstar Homes as a sub-contractor in September 1992, Godwin sent Sunstar Homes a certificate of insurance indicating coverage for Markham through North Carolina Builders Trust From 1 April 1992 to 1 April 1993. Godwin did not send a copy of this certificate to Consolidated Administrators.

10. On 4 November 1992, Consolidated Administrators sent Markham a third cancellation notice, indicating that his workers' compensation coverage would be terminated 3 December 1992 for nonpayment of the September 1992 premium. At that point, Markham also owed the premium for October 1992.

11. Markham's self-insured coverage through Home Builders terminated on 3 December 1992, and as of that date Markham became a non-insured employer. He did not send in November's premium by 3 December 1992.

. . . .

13. Sunstar Homes did not have notice of the cancellation and therefore did not start deducting a percentage of Markham's pay to cover the sub-contractor's employees. Sunstar relied in good faith on the certificate of insurance issued by the Godwin Agency for Markham, and did not have actual knowledge of the cancellation of coverage prior to the injury.

. . . .

17. Sunstar Homes complied with N.C.G.S. § 97-19 by obtaining a certificate of insurance, at the time of subletting its contract to Markham, showing that Markham had complied with the coverage requirements of N.C.G.S. § 97-93, and thereafter in good faith relied on its purported validity in the absence of notice of cancellation prior to the expiration of the policy period.

The record in this case demonstrates that there was competent evidence to establish that plaintiff worked for Markham, a subcontractor, on a job that was contracted to Markham by Sunstar, the principal contractor. The evidence further establishes and the

Commission found as fact that when Markham began working for Sunstar, Godwin sent Sunstar a certificate of insurance indicating coverage for Markham from 1 April 1992 to 1 April 1993. Moreover, when Markham's insurance was cancelled for its failure to pay its premium, Sunstar was not notified of the cancellation. We, therefore, find that there was competent evidence to support the Commission's findings of fact.

Based on these findings of fact, the Commission made the following pertinent conclusion of law:

2. Sunstar Homes is not liable for compensation due plaintiff for injuries sustained while in the employ of its subcontractor. N.C.G.S. § 97-19.

This conclusion is supported by the Commission's finding that Sunstar acted in compliance with N.C.G.S. § 97-19 by obtaining a certificate of insurance showing coverage for Markham for one year. The findings further show that Sunstar did not have knowledge of the cancellation prior to plaintiff's injury. Accordingly, we conclude that the Commission's findings support the conclusion that Sunstar was not a statutory employee.

II.

[2] Plaintiff next contends that the Commission erred in finding that Markham was solely liable for workers' compensation benefits due to plaintiff. He alleges that Consolidated did not properly cancel plaintiff's workers' compensation coverage because Sunstar never received notice of the cancellation of Markham's insurance. We disagree.

The Commission made the following pertinent findings of fact:

2. Defendant Markham represented to plaintiff that Markham carried workers' compensation insurance to cover plaintiff. Defendant Markham deducted ten percent of plaintiff's pay to help cover his workers' compensation premium, in violation of N.C.G.S. § 97-21.

. . . .

6. In September 1992 Markham, was self-insured through Home Builders, with Consolidated Administrators as the servicing agent. Each month Consolidated Administrators would send

Markham a form on which he was to calculate their premium owed for that month and return it to Consolidated Administrators with a check for the amount due. September's premium was due October 1st, October's premium due November 1st, etc. On two occasions prior to November 1992, Markham's coverage through the self-insurer's fund was terminated for non-payment of premiums, but then reinstated after payment of a fee by separate check, and by paying the premiums and completing the paperwork up to date.

. . . .

16. Plaintiff had no knowledge of the cancellation of Markham's coverage and had no knowledge of any facts surrounding the issuance or validity of the certificate of insurance. Consolidated Administrators had no knowledge that Markham was deducting from his employees' pay to pay the premiums . . . .

. . . .

18. There was proper cancellation by Consolidated Administrators of Markham's coverage through North Carolina Home Builders, and therefore Markham was non-insured on the date of injury. N.C.G.S. § 97-99.

Additionally, the Commission made the following relevant conclusion of law:

3. Home Builders did not breach a legal duty to give notice of cancellation to any third person . . . . Plaintiff was not a third party beneficiary of the Godwin Agency's contract with Home Builders . . . . Plaintiff is not entitled to compensation from defendant Home Builders.

In the case before us, Godwin was required to furnish Consolidated, Home Builders' servicing agent, with a copy of every certificate of insurance it issued so that Consolidated would be able to notify the certificate holder if coverage was cancelled before the expiration of the policy term. However, Godwin never sent Consolidated a copy of the certificate of insurance sent by Godwin to Sunstar on behalf of Markham (we note that Godwin is not a party in this action). Thus, there is evidence to support the Commission's finding that Consolidated and Home Builders had no knowledge of the certificate of insurance provided to Sunstar and therefore, was not required to notify Sunstar in the event of cancellation.

TIMMONS v. N.C. DEPT. OF TRANSPORTATION

[123 N.C. App. 456 (1996)]

Accordingly, we find that competent evidence exists to support the Commission's finding that there was a proper cancellation by Consolidated of Markham's coverage and this finding justifies the Commission's legal conclusion that plaintiff is not entitled to compensation from Home Builders.

For the foregoing reasons, the Opinion and Award of the Industrial Commission is,

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.