**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2014**

# In the Court of Appeals of Georgia

A14A0556. SMITH et al. v. GRAHAM CONSTRUCTION
  COMPANY, INC.

ANDREWS, Presiding Judge.

Allen Smith was injured while working for his employer, Edens Enterprises, LLC, on a construction project located in North Carolina on which Graham Construction Company, Inc. was the general contractor.[1] Based on Smith's work-related injury outside of Georgia, Edens paid Smith benefits pursuant to the Georgia Workers' Compensation Act (WCA) (OCGA § 34-9-1 et seq.). See OCGA § 34-9-242. After receiving workers' compensation benefits for the work-related injury, Smith sued Graham for damages resulting from the injury claiming that Graham

---

[1] Smith is a Georgia resident; Edens is a Georgia limited liability company; and Graham is a foreign corporation principally located in North Carolina and registered to do business in Georgia.

negligently caused the injury, and Smith's wife joined in the suit seeking additional damages against Graham for loss of consortium. Smith and his wife appeal from the trial court's grant of summary judgment in favor of Graham on the basis that the suit was barred by the exclusive remedy provision of the WCA set forth in OCGA § 34-9-11 (a).[2] For the following reasons, we affirm.

Because Smith recovered benefits for his work-related injury under the WCA from his immediate employer, Edens, both Edens and the general contractor, Graham, as a statutory employer, were immune from tort liability for the injury pursuant to the exclusive remedy provision set forth in OCGA § 34-9-11 (a). *Wright Assoc., Inc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981); *Warden v. Hoar Constr. Co.*, 269 Ga. 715 (507 SE2d 428) (1998); OCGA § 34-9-8. The trial court correctly granted summary judgment in favor of Graham on the basis that the tort suit brought by Smith and his wife was barred by OCGA § 34-9-11 (a).

There is no merit to the Smiths' claim that the trial court erred by applying the substantive law of Georgia instead of North Carolina (where the injury occurred) to determine that the tort suit was barred. Even though Georgia adheres to the rule of lex

---

[2] Separate claims asserted against Edens in the suit are not at issue in this appeal.

loci delicti, which requires application of the substantive law of the place where the tort occurred, Georgia recognizes a public policy exception to the rule and will not as a matter of courtesy or comity apply another state's substantive law if it contravenes the public policy of Georgia. *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808 (621 SE2d 413) (2005); *Alexander v. Gen. Motors Corp.*, 267 Ga. 339 (478 SE2d 123) (1996). Like similar provisions of Georgia law, under North Carolina law, a principal contractor which qualifies as a "statutory employer" in the North Carolina Workers' Compensation Act benefits from the exclusivity provision of the Act, which provides the statutory employer with immunity from an injured employee's suit claiming that the statutory employer negligently caused the injury. *Rich v. R. L. Casey, Inc.*, 454 SE2d 666, 667-668 (N. C. App. 1995). But under North Carolina law, a principal contractor qualifies as a statutory employer under the Act only when two conditions are met: (1) the injured employee must be working for a subcontractor doing work contracted to it by the principal contractor; and (2) the subcontractor does not have workers' compensation insurance covering the injured employee. Id. at 667. Under these two conditions, the principal contractor becomes a statutory employer liable to pay workers' compensation benefits for the subcontractor's injured employee, and is entitled to immunity from suit under the Act's exclusivity provision.

3

Id. Because Smith's immediate employer, Edens, had workers' compensation insurance covering Smith and paid the benefits, the principal contractor, Graham, would not qualify as a "statutory employer" under the North Carolina Act and would not be entitled to immunity from suit provided by the Act's exclusivity provisions. By contrast, under Georgia's WCA the principal contractor, Graham, qualified as a statutory employer entitled to immunity from suit even though Smith's immediate employer, Edens, had workers' compensation coverage and paid the benefits. *Wright Assoc.,* supra; *Warden*, supra.

It follows that, even though Smith was injured in North Carolina, the trial court correctly applied Georgia substantive law because application of North Carolina substantive law would offend the public policy embodied in the exclusivity provision of the Georgia WCA as set forth in OCGA § 34-9-11 (a). *Karimi v. Crowley*, 172 Ga. App. 761 (324 SE2d 583) (1984). "This exclusivity feature of the [WCA] obtains even where the employee is injured outside of this State, and benefits for that injury are recoverable pursuant to OCGA § 34-9-242." Id. at 763 (legislature intended that the Georgia WCA apply where benefits are payable under OCGA § 34-9-242).

*Judgment affirmed. McFadden and Ray, JJ., concur.*