ROGER FRED SOUTHERLAND, Plaintiff v. B.V. HEDRICK GRAVEL & SAND COMPANY, Employer, and AETNA CASUALTY & SURETY COMPANY, Carrier

No. 331PA96

(Filed 11 April 1997)

**Workers' Compensation § 46 (NCI4th)— injury to subcontractor—insurance certificate not obtained by general contractor—liability of general contractor**

The Court of Appeals erred by holding that the Industrial Commission lacked jurisdiction over plaintiff's workers' compensation claim where plaintiff fell while doing roofing work under a subcontract; plaintiff's contract for the work required that the subcontractor carry workers' compensation insurance and furnish a certificate of insurance to the general contractor; plaintiff advised the general contractor that he maintained workers' compensation insurance but did not provide a certificate and the general contractor did not obtain a certificate from any other source; plaintiff's claim was denied by his carrier because the policy covered his employees but did not cover him; plaintiff's claim with the general contractor's carrier was denied; plaintiff filed a claim with the Industrial Commission and the Commission awarded benefits; and the Court of Appeals reversed, holding that no employer-employee relationship existed and that the Commission lacked jurisdiction. The language of the statute is clear and unambiguous; a 1987 amendment to N.C.G.S. § 97-19 clearly

extended the class of persons protected by this provision to include not only employees of the subcontractor but also the subcontractor himself, thereby giving the Industrial Commission jurisdiction (under the version of the statute then in effect) over a claim by a subcontractor. In this case, the general contractor did not require from the subcontractor a certificate or obtain a certificate from the Industrial Commission and may be held liable for plaintiff's injuries.

**Am Jur 2d, Workers' Compensation §§ 143-145, 166, 171, 172, 228, 229.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 123 N.C. App. 120, 472 S.E.2d 216 (1996), vacating[1] an opinion and award entered 8 February 1995 by the Industrial Commission. Heard in the Supreme Court 18 March 1997.

*Scott E. Jarvis & Associates, by Scott E. Jarvis, for plaintiff-appellant.*

*Russell & King, P.A., by Gene Thomas Leicht, for defendant-appellees.*

FRYE, Justice.

This case involves the liability of defendant-contractor for a workers' compensation claim filed by plaintiff-subcontractor as the result of an on-the-job injury suffered by the subcontractor on 12 December 1990. The injury resulted from plaintiff's fall at a construction site in Asheville while he was engaged in the performance of roofing work under a subcontract with Buncombe Construction Company, Inc. (Buncombe), a subsidiary of defendant B.V. Hedrick Gravel & Sand Company. Plaintiff fell approximately thirty-three feet from a masonry wall to a concrete floor below. He sustained injuries to his left foot, left leg, pelvis, teeth, left ear, left wrist, left arm, and left shoulder and was out of work from 12 December 1990 through 18 March 1991.

At the time of his injury, plaintiff was an independent subcontractor of Buncombe, the general contractor on the project. Plaintiff,

---

1. While the disposition line of the Court of Appeals' opinion reads "vacated and reversed," in fact the opinion only vacated the Commission's opinion and award on grounds of lack of jurisdiction.

**SOUTHERLAND v. B. V. HEDRICK GRAVEL & SAND CO.**

[345 N.C. 739 (1997)]

d/b/a Southern Construction Company, entered into a contract with Buncombe to perform the installation of a standing seam roof system with miscellaneous trims and accessories, including all equipment and labor on the project. The contract provided that the subcontractor would carry workers' compensation insurance at his own expense and furnish a certificate of insurance to the general contractor prior to commencing work under the contract. Prior to entering into this contract, plaintiff advised Buncombe that he maintained workers' compensation insurance coverage, but he did not provide Buncombe with a certificate of insurance, nor did Buncombe obtain a certificate from any other source.

Plaintiff filed a claim with his workers' compensation insurance carrier, which was denied because the policy covered his employees but did not cover plaintiff. He also filed a workers' compensation claim with Buncombe's workers' compensation insurance carrier, which was denied. Plaintiff then filed a workers' compensation claim with the Industrial Commission. The claim was heard before Deputy Commissioner Tamara R. Nance upon stipulated facts and stipulated documentary evidence. In her conclusions of law based upon the stipulated record, Deputy Commissioner Nance concluded:

1. Plaintiff's contractual agreement to carry workers' compensation insurance at his own expense did not constitute a written waiver of his right to coverage under N.C.G.S. § 97-19.

2. Defendants' argument that by contracting with plaintiff to the effect that plaintiff shall furnish a certificate of insurance, defendants "required" from plaintiff a certificate of insurance and therefore satisfied N.C.G.S. § 97-19, regardless of whether defendants ever actually received a certificate from plaintiff, is without merit. The undersigned is of the opinion that the word "require" in this instance means in fact actually obtain a certificate.

3. Even though a certificate of insurance would not have shown that plaintiff failed to elect to cover himself as a sole proprietor, and even though plaintiff had complied with N.C.G.S. § 97-93 by having coverage for his employees, the undersigned is of the opinion that N.C.G.S. § 97-19 must be strictly construed, and that by failing to require and obtain a certificate of insurance from plaintiff, defendants are liable for all compensation and benefits due under the Act for plaintiff's injury by accident.

Based upon these conclusions of law, Deputy Commissioner Nance awarded plaintiff workers' compensation benefits under the provisions of N.C.G.S. § 97-19 (as in effect between 5 August 1987 and 10 June 1996). Defendants appealed to the full Commission, and on 8 February 1995, the Commission affirmed, adopting the holding of the deputy commissioner as its own. Defendants appealed to the Court of Appeals, and the Court of Appeals, in a unanimous decision, vacated the Commission's opinion and award, holding

> that plaintiff, a sole proprietor, failed to elect to be included as an employee under the workers' compensation coverage of his business. Consequently, plaintiff has not established that an employer-employee relationship existed at the time of injury either by electing coverage under G.S. § 97-2(2), or by being an employee under G.S. § 97-19. Therefore, because no employer-employee relationship existed the Commission lacked jurisdiction to hear plaintiff's claim and we vacate the Commission's opinion and award.

*Southerland v. B.V. Hedrick Gravel & Sand Co.*, 123 N.C. App. 120, 124, 472 S.E.2d 216, 219-20 (1996). We allowed plaintiff's petition for discretionary review.

This case involves the interpretation of N.C.G.S. § 97-19 as it existed at the time of plaintiff's injury, 12 December 1990. We note that this statute, enacted in 1929, was amended several times prior to the 1987 amendment that controls this case. The statute was also amended in 1989, 1991, 1994, 1995, and 1996. However, the sole issue before this Court is whether N.C.G.S. § 97-19 (as in effect between 5 August 1987 and 10 June 1996) extends workers' compensation benefits to subcontractors under the same conditions as it extends coverage to employees of subcontractors, thereby giving the Industrial Commission jurisdiction over a claim by plaintiff, a subcontractor, which arose on 12 December 1990. We hold that it does, and therefore, we must reverse the decision of the Court of Appeals.

"In resolving issues of statutory construction, we look first to the language of the statute itself." *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996). It is a well-established rule of statutory construction that " '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained

SOUTHERLAND v. B. V. HEDRICK GRAVEL & SAND CO.

[345 N.C. 739 (1997)]

therein.' " *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong's North Carolina Index 2d *Statutes* § 5 (1968)).

Prior to the 1987 amendment, N.C.G.S. § 97-19 specifically provided in pertinent part:

> Any . . . contractor . . . who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by the Industrial Commission, stating that such subcontractor has complied with G.S. 97-93 [requiring that employers carry workers' compensation insurance] . . . shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death of *any employee of such subcontractor* due to an accident arising out of and in the course of the performance of the work covered by such subcontract. If the . . . contractor . . . shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to *any employee of such subcontractor* for compensation or other benefits under this Article.

N.C.G.S. § 97-19 (1985) (emphasis added). This statute was interpreted by our Court of Appeals to protect the employees of a subcontractor, not the subcontractor himself. *Doud v. K&G Janitorial Servs.*, 69 N.C. App. 205, 316 S.E.2d 664, *disc. rev. denied*, 312 N.C. 492, 322 S.E.2d 554 (1984). However, the General Assembly amended N.C.G.S. § 97-19, effective 5 August 1987, by inserting "any such subcontractor, any principal or partner of such subcontractor or" in the first and second sentences of the first paragraph of the statute immediately preceding the phrase "any employee of such contractor." Act of Aug. 5, 1987, ch. 729, sec. 4, 1987 N.C. Sess. Laws 1335, 1337-38 (amending the Workers' Compensation Act). The amended statute, as in effect on the date of plaintiff's accident, reads in pertinent part as follows:

> Any . . . contractor . . . who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by the Industrial Commission, stating that such subcontractor has complied with G.S. 97-93 [requiring that employers carry workers' compensation insurance] . . . shall be liable . . . to the same extent as such subcontractor would be if he were sub-

ject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death of *any such subcontractor, any principal or partner of such subcontractor or* any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract. If the . . . contractor . . . shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to *any such subcontractor, any principal or partner of such subcontractor or* any employee of such subcontractor for compensation or other benefits under this Article.

N.C.G.S. § 97-19 (Supp. 1990) (emphasis added). The 1987 amendment clearly extended the class of persons protected by this provision to include not only employees of the subcontractor but also the subcontractor himself. Because the language of the statute itself is clear and unambiguous, there is no room for judicial construction, and we must give it its plain and definite meaning.

In the instant case, prior to the time of subcontracting the performance of the roofing work, the general contractor, Buncombe, did not require from the subcontractor, plaintiff, a certificate of insurance, and Buncombe did not obtain from the Industrial Commission a certificate stating that plaintiff had complied with N.C.G.S. § 97-93. Therefore, having failed to require or to obtain a certificate, Buncombe may be held liable for plaintiff's injuries, pursuant to N.C.G.S. § 97-19 as it existed at the time of plaintiff's accident. We note that this is the result reached by Deputy Commissioner Nance and by the Industrial Commission, the agency charged with carrying out the responsibilities of the Workers' Compensation Act. Since plaintiff is a member of the class of subcontractors entitled to individual coverage under N.C.G.S. § 97-19 as it existed at the time of his accident, the statute extended workers' compensation benefits to plaintiff under the same conditions as it extended coverage to plaintiff's employees. Accordingly, the Court of Appeals erred in holding that the Commission lacked jurisdiction over plaintiff's claim.

For the foregoing reasons, we reverse the decision of the Court of Appeals, which vacated the opinion and award entered by the Industrial Commission.

REVERSED.