RAYMOND L. BOONE, PLAINTIFF-APPELLANT v. WOODROW VINSON, JR., WILLIE ROBINSON AND ROANOKE-CHOWAN LOGGING COMPANY, INC., DEFENDANT-APPELLEES

No. COA96-1440

(Filed 4 November 1997)

**Workers' Compensation § 46 (NCI4th)— 1994 injury to subcontractor—mandated coverage—exclusive remedy defense**

The trial court properly granted summary judgment for defendants where plaintiff subcontracted with defendant

---

22. *Id.*

## BOONE v. VINSON

[127 N.C. App. 604 (1997)]

Roanoke-Chowan Logging Company to transport timber; he was injured at a logging site on 21 January 1994; plaintiff did not have a workers' compensation policy covering himself and had not executed a written waiver of his right to workers' compensation coverage through Roanoke-Chowan; plaintiff filed an action to recover damages for his injuries; defendants moved to dismiss based on the exclusive remedy defense; and summary judgment was granted for defendants. By virtue of the mandated coverage for subcontractors under N.C.G.S. § 97-19 at the time of plaintiff's injury, the parties are subject to and bound by the Act, and defendants are entitled to the protection of the exclusive remedy provisions of N.C.G.S. § 97-9 and N.C.G.S. § 97-10.1.

Appeal by plaintiff from judgment entered by Judge Louis Meyer in Edgecombe County Superior'Court. Heard in the Court of Appeals 25 August 1997.

On the morning of 21 January 1994 plaintiff drove his truck to the logging site of defendant Roanoke-Chowan Logging Company, Inc., to transport logs away from the site. Roanoke-Chowan was under a contract with Canal Wood Corporation to cut and transport timber, and Roanoke-Chowan had subcontracted with plaintiff to transport the timber. Defendant Woodrow Vinson, Jr., was president and manager of Roanoke-Chowan, and defendant Willie Robinson was an employee of Roanoke-Chowan.

While plaintiff was sitting in his truck waiting for the logging crew to arrive, defendant Robinson started a fire on the ground with limbs and scrap wood. Once the fire had started, plaintiff watched Robinson pour part of a bucket of diesel fuel on it as an accelerant. Plaintiff then got out of his truck and walked toward the fire. When he got to within eight or ten feet of the fire, he saw flames around the bucket and was worried that the "bucket might blow up." He threw a piece of wood to Robinson, and as he turned around to walk back to the truck, the fire "exploded" and shot flames towards him, severely burning the backs of his legs.

At the time of the accident Roanoke-Chowan had in force a workers' compensation insurance policy with North Carolina Forestry Association Self-Insurers' Fund, serviced by AEGIS Administrative Services. Plaintiff did not have a workers' compensation insurance policy covering himself, and prior to the accident, plaintiff did not execute a written waiver of his right to workers' compensation

coverage through Roanoke-Chowan. Although Roanoke-Chowan planned to have him sign a waiver, a waiver form was not yet available before plaintiff was injured.

Roanoke-Chowan's workers' compensation carrier first denied benefits to plaintiff on 3 February 1995, asserting that plaintiff was an independent contractor, and the insurance policy did not provide benefits for independent contractors. Consequently, plaintiff filed a complaint and then an amended complaint in superior court against defendants to recover damages for his injuries. Defendants answered, alleging that plaintiff, as a subcontractor, was an employee of Roanoke-Chowan. Defendants moved to dismiss the case, *inter alia*, for lack of subject matter jurisdiction, based on the "exclusive remedy defense"—that plaintiff's exclusive remedy was under the Workers' Compensation Act. *See* N.C. Gen. Stat. §§ 97-9, -10.1, -19 (1991).

On 7 August 1995 plaintiff sent copies of the pleadings to defendant's workers' compensation carrier, which again denied his claim on the basis that plaintiff was an independent contractor. Subsequently, plaintiff filed a Form 33 request for hearing with the Industrial Commission, and defendants' insurance carrier responded with a Form 33R, denying both an employment relationship and compensability under the Workers' Compensation Act.

Pursuant to N.C. Gen. Stat. §§ 97-19 and -24(b) (1991), plaintiff waived in writing his right to workers' compensation benefits subject only to it being judicially determined that defendants are entitled to the exclusive remedy defense. Defendants filed a motion for summary judgment, based on depositions of plaintiff, defendant Vinson, and defendant Robinson, an affidavit of defendant Vinson, and plaintiff's responses to defendants' request for admissions. The trial court granted summary judgment in favor of defendants and dismissed all claims against them. Plaintiff appeals.

*Braxton H. Bell and Mario E. Perez for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for defendant appellees.*

ARNOLD, Chief Judge.

Summary judgment is appropriate if a defending party can establish that no claim for relief exists or that the claimant cannot over-

come an affirmative defense or legal bar to the claim. *Wilder v. Hobson*, 101 N.C. App. 199, 201, 398 S.E.2d 625, 627 (1990). In addition, when the only issues to be decided are issues of law, summary judgment is proper. *Brawley v. Brawley*, 87 N.C. App. 545, 548, 361 S.E.2d 759, 761 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988).

An injured person is entitled to compensation under the Workers' Compensation Act (hereinafter the Act) only if he is an employee of the party from whom compensation is claimed. *Richards v. Nationwide Homes*, 263 N.C. 295, 301-02, 139 S.E.2d 645, 649 (1965). The central issue in this case is whether an employer-employee relationship existed between Roanoke-Chowan and plaintiff, allowing defendants to invoke the exclusive remedy provisions of the Act, which preclude plaintiff from recovering damages in tort. *See* N.C. Gen. Stat. § 97-9, -10.1, -19 (1991). An employer-employee relationship at the time of the injury is a jurisdictional fact, on which this Court must make its own findings. *Doud v. K & G Janitorial Service*, 69 N.C. App. 205, 211, 316 S.E.2d 664, 669, *disc. review denied*, 312 N.C. 492, 322 S.E.2d 554 (1984).

The Act provides that a person who might not otherwise be covered may be deemed a "statutory employee" under certain circumstances, thereby subjecting him to coverage under the Act. *See* N.C. Gen. Stat. § 97-19 (1991); *Rich v. R. L. Casey, Inc.*, 118 N.C. App. 156, 158-59, 454 S.E.2d 666, 667, *disc. review denied*, 340 N.C. 360, 458 S.E.2d 190 (1995). The determinative issue, then, is whether plaintiff, as a subcontractor, was a statutory employee of Roanoke-Chowan when he was injured.

This case requires an interpretation of G.S. § 97-19 as it existed at the time of plaintiff's injury on 21 January 1994. The statute then in effect read:

Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by a workers' compensation insurance carrier, or a certificate of compliance issued by the Department of Insurance to a self-insured subcontractor, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable, irrespective of whether such subcontractor has regularly in service less than four employees

BOONE v. VINSON

[127 N.C. App. 604 (1997)]

in the same business within this State, to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death *of any such subcontractor, and principal or partner of such subcontractor or any employee of such subcontractor* due to an accident arising out of and in the course of the performance of the work covered by such subcontract. . . . *If the subcontractor has no employees and waives in writing his right to coverage under this section,* the principal contractor, intermediate contractor, or subcontractor subletting the contract shall not thereafter be held liable for compensation or other benefits under this Article to said subcontractor. Subcontractors who have no employees are not required to comply with G.S. 97-93.

N.C. Gen. Stat. § 97-19 (1991) (emphasis added). N.C. Gen. Stat. § 97-93 (1991) provides that employers subject to the Act are required to carry insurance or prove financial ability to pay compensation. Plaintiff, as an independent subcontractor with no employees, is not required to comply with G.S. § 97-93. We also note that plaintiff did not waive in writing his right to coverage under G.S. § 97-19.

The General Assembly amended G.S. § 97-19, effective 5 August 1987, by inserting "any such subcontractor, any principal or partner of such subcontractor or" immediately preceding the phrase "any employee of such contractor" in the first sentence of the statute. *See Southerland v. B. V. Hedrick Gravel & Sand Co.*, 345 N.C. 739, 743, 483 S.E.2d 150, 152 (1997). Prior to the 1987 amendment, the statute was interpreted to protect the employees of a subcontractor, not the subcontractor himself. *Richards*, 263 N.C. at 302, 139 S.E.2d at 650.

The sole question, then, is whether the Act in effect at the time of plaintiff's injury extended workers' compensation benefits to subcontractors under the same conditions as it extended coverage to employees of subcontractors. We find the case of *Southerland v. B. V. Hedrick Gravel & Sand Co.*, 345 N.C. 739, 483 S.E.2d 150 (1997) controlling.

In *Southerland*, the plaintiff, an independent subcontractor, was injured at a construction site in December 1990 while he was performing roofing work under a subcontract with the defendant. Although he advised the defendant that he maintained workers' com-

**BOONE v. VINSON**

[127 N.C. App. 604 (1997)]

pensation insurance coverage, the defendant did not obtain from him or any other source a certificate of insurance. The *Southerland* Court interpreted the "clear and unambiguous" language of the statute in effect at the time of the plaintiff's injury and held that "[t]he 1987 amendment clearly extended the class of persons protected by this provision to include not only employees of the subcontractor but also the subcontractor himself." *Id.* at 744, 483 S.E.2d at 152.

We note that the broadened scope of liability under this statute was recently abrogated. In 1995 the General Assembly reinstated the pre-1987 language of G.S. § 97-19 by deleting "any such subcontractor, any principal or partner of such subcontractor or" preceding "any employee of such subcontractor," effective 10 June 1996. *See* 1995 N.C. Sess. Laws ch. 555, § 1.

We agree with defendants that by virtue of the mandated coverage for subcontractors under G.S. § 97-19 at the time of plaintiff's injury, the parties are subject to and bound by the Act, and defendants are entitled to the protection of the exclusive remedy provisions under G.S. §§ 97-9 and -10.1. Furthermore, we have reviewed plaintiff's contentions that Roanoke-Chowan cannot avail itself of the exclusive remedy defense because it failed to comply with the Act and find them without merit.

As in *Southerland*, then, "[s]ince plaintiff is a member of the class of subcontractors entitled to individual coverage under N.C.G.S. § 97-19 *as it existed at the time of his accident*, the statute extended workers' compensation benefits to plaintiff[.]" *Southerland*, 345 N.C. at 744, 483 S.E.2d at 153 (emphasis added).

Accordingly, we affirm summary judgment in favor of defendants.

Affirmed.

Judges WALKER and McGEE concur.