ELMORE, Judge.
M & M Contracting (M & M) is a general construction contractor owned and operated by Bob Melvin (Melvin). James Reynolds (plaintiff) performed siding work with Terry King (King) and Jake Toley (Toley) on a house being built by M & M in May of 2001. Plaintiff worked on two different houses and was paid by thehour in cash. Melvin paid King, and King then paid plaintiff out of the sum. Melvin then asked plaintiff to do some painting in the interior of both houses. They negotiated a price, and plaintiff agreed to do the work. Plaintiff retained King and Toley, and they agreed that the wages would be split three ways evenly. Melvin supplied the paint and supplies. Plaintiff supplied the spray gun painter and a ladder.
As the plaintiff was using the spray gun in one of the houses, the gun jammed. Plaintiff washed the sprayer and still no paint came out of the gun. Plaintiff took the spray gun off the spray rig and when he bent down to pick up the hose, the paint suddenly unclogged and some paint exploded into his left eye. Plaintiff attempted to wash out his eye with water, but noticed blood and paint. King and Toley took plaintiff to the hospital. Plaintiff underwent emergency surgery, but suffered a total loss of vision in that eye. The first treating ophthalmologist (Dr. Weaver) testified that the paint was forcefully injected into and around the eyeball and back through the optic canal and into the plaintiff's brain. Plaintiff also received treatment from Dr. Brasington, who agreed that plaintiff had a total loss of vision in the left eye and recommended that the plaintiff wear safety glasses at all times. Dr. Weaver advised the plaintiff to not be around machinery and equipment and not to be on ladders and scaffolding. Plaintiff was unable to earn wages from the date of his injury, 6 June 2001 until approximately 12 November 2001. Both doctors agree that plaintiff's condition is permanent. Melvin was notified of plaintiff's injury, and plaintiff requested that Melvin's workers' compensation insurance cover his lost wages. Melvin refused. Plaintiff brought the case to the North Carolina Industrial Commission. Deputy Commissioner Taylor dismissed the claim for lack of jurisdiction. Plaintiff appealed to the Full Commission. The Full Commission entered an opinion that the plaintiff had not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties and their representatives, or amend the opinion and award of the Deputy Commissioner except for minor modifications. From that opinion, plaintiff appeals.
I.
Plaintiff's three assignments of error each center on the Commission's finding that it lacked jurisdiction because the plaintiff was not an employee but was rather an independent contractor.
Whether an employer-employee relationship exists is a jurisdictional issue and, unlike findings by the Commission in an order where jurisdiction is not an issue, "findings of jurisdictional fact . . . are not conclusive, even when supported by competent evidence." This Court must then "review the evidence of record" and make an independent determination of plaintiff's employment status, guided "by the application of ordinary common law tests." Barber v. Going West Transp., Inc., 134 N.C. App. 428, 430, 517 S.E.2d 914, 917 (1999) (citations omitted). Thus, this Court "has the right, and the duty, to make its own independentfindings of such jurisdictional facts from its consideration of all the evidence in the record." Lucas v. Stores, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976). The burden of proof on this issue falls on the plaintiff. Id. With these principles as our guide, we now examine plaintiff's appeal.
II.
The plaintiff first assigns as error the North Carolina Industrial Commission's (Commission) findings of fact and its conclusions of law that the plaintiff was not an employee of defendant Melvin but rather was either a single independent contractor or a co-independent contractor with Terry King. We affirm the Commission.
In the case of McCown v. Hines, 353 N.C. 683, 549 S.E.2d 175 (2001), our Supreme Court explained the criteria we use to determine whether an employer-employee relationship exists or whether plaintiff is an independent contractor:
Whether an employer-employee relationship existed at the time of the injury is to be determined by the application of ordinary common law tests. Under the common law, an independent contractor "exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work." In contrast, an employer-employee relationship exists "[w]here the party for whom the work is being done retains the right to control and direct the manner in which the details of the work are to be executed."
In Hayes [v. Board of Trustees of Elon College, 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944).] this Court identified eight factors to consider in determining which party retainsthe right of control and, thus, whether the claimant is an independent contractor or an employee:
The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.
. . . No particular one of these factors is controlling in itself, and all the factors are not required. Rather, each factor must be considered along with all other circumstances to determine whether the claimant possessed the degree of independence necessary for classification as an independent contractor.
Hines, 353 N.C. at 686-87, 549 S.E.2d at 177-78 (2001) (citations omitted) (holding that a roofer who fell from the top of a rental home on which he was installing a roof was an independent contractor).
Our caselaw generally holds that when a worker agrees to complete a certain job for a lump sum payment, retaining control of other details of the assignment then that worker is an independent contractor. See generally Hayes v. Elon College, 224 N.C. 11, 29 S.E.2d 137 (1944) (summarizing caselaw in which the Court has found the plaintiff to be an independent contractor, and holding in that case that the plaintiff, an electrician retained for a certain job for a lump sum payment, was an independent contractor). These holdings are consistent with the factors enumerated above. In the present case, plaintiff originally did siding work for Melvin for an hourly wage. Nothing in the record indicates that plaintiff was in the regular employ of Melvin. Melvin then asked plaintiff to do some painting, and they negotiated a lump sum payment of $1,200.00 per house. Plaintiff chose men to assist him, negotiating how they would divide the sum payment. Plaintiff used his own spray painter and ladder. Melvin retained no control over the details of the work, the equipment he would use to accomplish it, whether or not he would require assistance, or who would assist him.
Plaintiff contends in his brief on appeal that he had no special skill, but was only "pretty good" at painting. However, plaintiff was hired to perform a job requiring special skill, and his proficiency at that skill is not the salient issue. He was exercising a special skill, that of painting, which satisfies the criteria listed above.
We hold that based on the above-referenced factors and the facts presented in the record, plaintiff was an independent contractor. The Industrial Commission was therefore correct in deciding that it lacked jurisdiction on these grounds.
III.
In the alternative, plaintiff next assigns error to the Commission's finding of fact and its conclusions of law that the plaintiff was not an employee of a subcontractor, Terry King. We affirm. Plaintiff admitted that he was not an employee of King in the effort to argue that he was an employee of Melvin. King was the contact with Melvin generally, which is the difference that plaintiff relies on here. King and plaintiff arranged to split the profits evenly and work together. There did not seem from the record to be any basis for finding that plaintiff was employed by King such that King would be responsible for purposes of compensation. We therefore affirm the Commission on this point.
IV.
Lastly, the plaintiff assigns error to the Commission's conclusion of law that the Industrial Commission does not have jurisdiction of this claim pursuant to N.C. Gen. Stat. § 97-19. That section of the General Statutes provides that "[a]ny principal contractor, intermediate contractor, or subcontractor" who hires a subcontractor and does not require a certificate of workers compensation insurance from the subcontractor may be held liable for injuries of the employees of such subcontractor in the event of an injury. N.C. Gen. Stat. § 97-19 (2003). This provision gives the employees of the subcontractor status as "statutory employees" of the principal contractor for purposes of compensation. The provision also allows the principal contractor to recover from the subcontractor, or from the responsible party, the amount of compensation. Id. The evidence from the parties is conflicting as to whether there is a certificate in this case; none was produced as evidence. The provisions of N.C. Gen. Stat. § 97-19 do not extend to one acting as an independent contractor. Richards v. Nationwide Homes, 263 N.C. 295, 302, 139 S.E.2d 645, 650 (1965). The statute as it existed between 1987 and 1996 was broadened to include subcontractors in the class of protected "statutory employees," however, amendments brought into effect in 1996 returned to the prior language of the statute which limited the scope of protection to employees of subcontractors. See generally Boone v. Vinson, 127 N.C. App. 604, 492 S.E.2d 356 (1997), disc. review denied, 347 N.C. 573, 498 S.E.2d 377 (1998).
Because we hold that plaintiff in this case was acting as the independent contractor himself and not the employee of a subcontractor, this section of the General Statutes is not applicable.
We therefore affirm the Commission. Affirmed.
Judges BRYANT and GEER concur.
Report per Rule 30(e).